**STATE ex KEOGH v GILMORE, Judge**

Ohio Appeals, 2nd Dist, Preble Co

Decided Aug 5, 1941

Mason Douglass, Dayton, for relator. Froug & Froug, Dayton, for respondent.

## OPINION

By BARNES, J.

The above entitled cause is now being determined on the respondent's general demurrer to relator's petition.

Relator's petition reads as follows:

COURT OF APPEALS
SECOND JUDICIAL DISTRICT
PREBLE COUNTY, OHIO

The State of Ohio, ex rel. No. 14681.
Thomas H. Keough,
306 West Norman Avenue,
Dayton, Ohio,
 Relator, PETITION
 v.
Hon. Hugh R. Gilmore,
as Judge of the Common
Pleas Court in and for Preble
County, Eaton, Ohio,
 Respondent.

The relator is a resident of Montgomery County, Ohio, and the respondent is the elected, qualified, and acting Judge of the Common Pleas Court, of Preble County, Ohio; this action is against the respondent in his capacity as Judge of the Court of Common Pleas

aforesaid in the County of Preble aforesaid.

The relator avers that he is the owner of Claim Number 8088 issued to him by the Miami Savings & Loan Company, as legal exemplification of his rights to payment of a certain debt to him owing by said Company, incident to his position as a depositor in the said Association, which claim entitles him to participate in a distributive share of the proceeds of liquidation of said Company, payable to him according to law by the said Company, which claim is designated as a "D" account.

That on February 21, 1941, Lewis H. Mattern, filed a petition in the Common Pleas Court of Montgomery County, Ohio, of the following title and style:

Lewis H. Mattern, Executor of
Estate of Conrad J. Mattern, Case No.
Deceased, 91709
1012 Third National Bldg.,
Dayton, Ohio,
 Plaintiff, PETITION
 v.
Herman Seecamp, Blanch Wagner, and all other persons similarly situated with the named defendants as Creditors of the Miami Savings & Loan Company, of Dayton, Ohio, and who have a common and general interest in the adjudication of this cause and in the relief prayed for, and said persons being very numerous, and it being impracticable to bring them all before the Court.
 Defendants.

That in the petition aforesaid the plaintiff therein claimed, from the defendants as indicated, attorney fees in behalf of the estate of Conrad J. Mattern, for legal services alleged to have been performed for the defendants, which said petition concludes in the following words and terms:

"Plaintiff further says that the services rendered by the plaintiff's decedent, as counsel, were necessary, and inured to the benefit of Herman Seecamp and Blanche Wagner, and all other persons similarly situated, defendants herein; and that all such persons have accepted said benefits; and that the plaintiff's decedent received no compensation for said services rendered, and further that expenses were incurred in the prosecution of the matter hereinbefore set forth, and that the services rendered were beneficial to, and benefits accrued to, all of the persons affected by the judgment obtained, and that this plaintiff believes that in view of the large number of persons affected, that a reasonable allowance as compensation for services rendered by the plaintiff's decedent and incident expenses in the procuring of the benefits received by all persons similarly situated, defendants herein, be made; that the court upon hearing of this cause make a reasonable allowance for compensation and expenses, and that upon determination by this court of a reasonable allowance for compensation and attorneys fees and expenses, that the court consider and adjudge the manner and apportionment of payment of said attorney fees and expenses among all persons benefited by the services rendered by the plaintiff's decedent, for and on behalf of Herman Seecamp and Blanche Wagner, for themselves and all other persons similarly situated, defendants herein, and for whose benefit the services were rendered and who have accepted the benefits of the services rendered.

Plaintiff further says that he has no adequate remedy at law, and that the determination of this matter in the present proceeding will prevent a multiplicity of suits.

WHEREFORE, plaintiff prays that the court will allow him such an amount as it shall find to be a reasonable amount to cover costs and expenses incurred, including an award of just compensation to plaintiff for services rendered by plaintiff's decedent for and on behalf of Herman Seecamp and Blanche Wagner, for

themselves and all other persons similarly situated, defendants herein, who as creditors of the Miami Savings & Loan Company were benefited by the services rendered; for a determination of the reasonable amount of said costs and attorney fees, and for an order directing the apportionment and payment of said costs and attorney fees among all of the persons benefited, defendants herein, and for such other and further relief to which this plaintiff is entitled in the premises."

The said petition by its term seeks equitable relief, and trial by the judge of said Court.

The claims as described, defined and indicated in said petition embrace the creditor claim of this relator as hereinbefore described, and should the Court determine said suit is a class suit, the relator would be determined thereby to be a member of the class therein described.

That as a holder of a creditor claim of the class in said petition described, he has an interest in the suit hereinbefore indicated on the docket of Montgomery County, Common Pleas Court as cause Number 91709.

That summons in said case was issued for and made on Herman Seecamp and Blanche Wagner, on March 3, 1941; that neither named defendant is a resident of Preble County, Ohio.

Thereafter there was entered in the office of the Clerk of Courts, of the Court of Common Pleas of Montgomery County, on March 3, 1941, an order of the Common Pleas Court in the following words and terms:

"This cause came on to be heard on the motion of the plaintiff, supported by his affidavit for change of venue, and upon consideration it is ordered that the venue of this action, be and is hereby changed from this County to Preble County, Ohio, the same being an adjoining county, and the Clerk of this Court is hereby ordered to prepare a certified copy of the docket and journal entries in this action, and transmit the same together with all the original papers, documents and files in this case, to the Clerk of the Common Pleas of Preble County, at Eaton, Ohio."

Judge Krehbiel.

That thereupon the Clerk of Courts of Montgomery County, complying with the order of said entry, transferred to the Clerk of the Preble County Court of Common Pleas, all the documents and files of the cause of aforesaid, and the Court of Common Pleas of Preble County has proceeded to exercise jurisdiction in and over the said cause.

That the Common Pleas Court of Montgomery County has not exercised further jurisdiction over said cause.

That the said Court of Common Pleas of Preble County, has no lawful jurisdiction over said cause, nor jurisdiction over the subject matter thereof, nor over this relator or any other person similarly situated, but that said Court, by virtue of the transfer hereinbefore set forth, will continue to exercise jurisdiction and will adjudicate the rights of this relator therein, unless prohibited from so doing by this Court.

That no notice was given to this relator or any defendant, by service of any nature of the said removal, that no written motion was filed seeking removal, and no affidavit in support thereof. That no showing was made except by counsel and the plaintiff, and no record made of evidence as basis of said removal.

That said cause was transferred before answer day by statute ordered: that before the said transfer the case was not assigned for hearing before any of the said judges: that no defendant has had his day in Court as to any process or procedure.

That no affidavit of prejudice was filed against either of the said judges, and neither of said judges disqualified himself from hearing said case: that no showing of record was made that any or all of said judges would be unwilling or unable to conduct a fair trial at which plaintiff's petition could be heard.

That there are five judges of the Common Pleas Court of Montgomery County, and the said Common Pleas judges are each and all available as trial judges in the said Common Pleas Court: that the docket of said Court permits trial of this cause at an early date.

That the said cause is wholly in the jurisdiction of the Montgomery County Common Pleas Court, and the legal venue of said case is Montgomery County. That the trial thereof in the Common Pleas Court of Preble County is contrary to law, and the order of Court transferring the said cause is null and void.

The relator alleges that the matter here presented is of great and important public interest to the orderly and legal administration of justice: that the relator and ·approximately 3700 persons are involved in said litigation of whom a conclusive percentage are residents of Montgomery County, and he and they are about to be deprived of constitutional rights to due process of law, by change of venue aforesaid.

That said cause has been set for trial May 12, 1941, and the relator has no adequate remedy at law, and he and the others named as a class are being subjected to the hazard of irreparable injury to constitutional and property rights.

The relator alleges that he himself has no adequate remedy at law, or equity, and will sustain irreparable damage, unless this Court issues a writ of prohibition against the respondent in his capacity as a Judge, action as a Court, restraining the exercise of jurisdiction in and over said cause, and issue a mandate directing the return thereof to the Common Pleas Court of Montgomery County for further proceedings according to law.

WHEREFORE, the relator prays the Court that an alternative Writ of Prohibition be issued by the Court, directed to the respondent in his capacity as Judge and Court, restraining him temporarily from proceeding further in the cause hereinbefore indicated, being originally designated as Cause Number 91709, Common Pleas Docket, Montgomery County, and being now designated as Cause Number 14681, Common Pleas Docket, Preble County, and requiring that cause be shown why such alternative writ should not be made permanent and final: that upon failure of said showing of sufficient cause, the said alternative writ be made permanent, and the respondent be permanently restrained from proceeding further in exercising jurisdiction of said cause, and by mandate ordered to return the same to the Court of Common Pleas of Montgomery County for further proceeding according to law, and for such further relief in either law or equity as the Court may determine.

_____
Attorney for Relator.
(Verification and precipe omitted).

To the above petition respondents filed a general demurrer claiming that the petition fails to state a cause of action.

In respondent's brief supporting their general demurrer it is argued that relator, under the allegations of his petition, may not have relief through a writ of prohibition.

The law is well recognized that a writ of prohibition is an extraordinary remedy, not to be granted where the relator has an adequate remedy at law. The office of the writ is usually the restraining of court action, where the court has no jurisdiction of the subject matter. In the instant case the action was filed in the Common Pleas Court of Preble County through a purported order of change of venue. It is manifest that the jurisdiction of the respondent must find support through the action of the Common Pleas Court of Montgomery County in granting a change of venue or not at all. Sec. 11415 GC, providing for change of venue reads as follows:

"Sec. 11415. CHANGE OF VENUE.— When it appears to the court that a fair and impartial trial can not be

had in the county where the suit is pending, the court may change the place of trial to some adjoining county. * * *"

The annotations under the above Code section are interesting and disclose that various questions under this procedure have been presented and decided by the Ohio courts.

Sec. 13427 GC, will be found to be a kindred section providing for change of venue in criminal cases.

Likewise the annotations under this section will be found interesting and helpful in arriving at a proper conclusion. We are unable to find that the courts of Ohio have had the exact question as presented in the instant case. However, the annotations cite a decision by the Common Pleas Court of Hamilton County, which is well reasoned and somewhat analogous.

We have examined all the cases referred to in the briefs, the annotations and others, but in all cases where the questions were considered on review a hearing was had on the application for change of venue with opportunity of all interested parties to be present and heard; thereby a record being available for review. In the instant case this procedure was not followed before the Common Pleas Court of Montgomery County, Ohio. Following the filing of the petition and the issuing of summons and before answer day an ex parte request was made by counsel for plaintiff for change of venue.

No formal application was made for such change of venue; no notice was served on defendants fixing the time or place for hearing on such an application. The ex parte request and order was made before the expiration of the time for filing answer. No affidavit or other record evidence was taken supporting the request for such change of venue. It therefore follows that the defendants had no opportunity to be heard. Counsel for respondent urge that since the section providing for the change of venue makes no provisions for procedural steps, that nothing more is required than that it appear to the court that a fair and impartial trial can not be had in the county. It is argued that the court sua sponte might legally make the order without the application or knowledge of any of the interested parties.

We are unable to accept either theory of counsel for respondent. The words in the section "when it appears to the court" necessarily imply judicial appearing.

The defendant's right to have the case tried in the county where the petition was properly filed is a substantial right not to be taken away except by due process of law.

Due process of law means the right to be heard.

It is our conclusion that the Common Pleas Court of Montgomery County had no jurisdiction to grant an order to change the venue on an ex parte hearing.

Not having jurisdiction to act, the order is thereby void. The opinion of Judge Dickson in the case of State of Ohio v George P. Cox, 9 O. L. Rep. p. 19, is interesting and logical.

We now direct our attention to the argument that relator has an adequate remedy at law. If there is an adequate remedy at law the demurrer to the petition must be sustained and ultimately the writ of prohibition denied.

But, does relator have an adequate remedy at law?

We think not for the following reasons: We must start with the premise uncontradicted in the allegations of the petition, that the situation in the instant case differs materially and substantially from the reported cases where error proceedings were properly prosecuted. In the error cases the decisions all make the pronouncement that the granting of an order for change of venue rests in the sound discretion of the court. From the records a reviewing court must determine whether or not the trial court exercised a sound discretion and its judgment will be returned accordingly. In the

instant case the defendants had no opportunity to make a record and thereby a substantial right was taken away without due process of law. It has been held that the denial of an application for a change of venue is not a final order and probably the same ruling would be made where the application is sustained.

The procedure seems to be for the aggrieved party to preserve his records and when the cause is finally adjudicated on the merits, this ground of error, as well as others, would be presented to the reviewing court on appeal.

It appears from the journal entry of the Common Pleas Court of Montgomery County copied in the petition, that the Clerk of the Court was ordered to prepare a certified copy of the docket and journal entries and transmit the same. together with all the original papers, documents and files in the case to the clerk of the Common Pleas Court of Preble County. In these papers there would not appear anything relative to the application for change of venue except the journal entry.

A reviewing court in considering claimed error in granting the application to change venue, with nothing before it but the journal entry, would take from its language that the court had everything before it essential to give it jurisdiction to judicially pass on the question.

There could be no bill of exceptions because no evidence was taken.

The journal entry refers to an affidavit supporting the motion, but the petition alleges that no affidavit was filed. . From. the brief of counsel for respondent we are led to understand that an affidavit was presented to the court; but no claim is made that it was filed and counsel for relator in his brief reiterates that no affidavit was filed. The record is silent as to what the affidavit contained. We doubt very much if the Court of Common Pleas of Preble County could or would make an independent inquiry as to whether or not the Court of Common Pleas of

Montgomery County had jurisdiction to act or acted properly in making an order to change the venue. In all probability the Preble County Court would rely upon the journal entry which is regular in form.

Counsel for relator argues earnestly and with much plausibility that §11415 GC (the change of venue section) should be given construction as applying to jury cases only, and that §1687 GC, is the applicable section in cases triable to a court. So much of the petition as was filed in the action with the clerk of the Common Pleas Court of Montgomery County, Ohio, discloses that the action sought equitable relief. There is sound logic why the law should be as claimed by counsel for relator. However, under the broad language of the above §11415 GC, we are in doubt.

However, we might volunteer this general observation that a trial court when passing on an application for change of venue could very properly take into consideration the question of whether or not it was a jury trial or a court case. It is obvious in our practical experience that sometimes jury cases are of such character that a manifest, pronounced public sentiment throughout the county would be almost sure, either consciously or unconsciously to manifest itself on the jury.

We likewise know that this condition does not usually apply to the trial courts, or if it does, there is statutory provision for calling in a judge from some of the other counties of the state.

Aside from the statute we have not made reference in this opinion to the many cases cited by counsel. We are unable to find that any are directly in point. We recognize the principle pronounced by the Supreme Court in the. many cases cited by counsel for respondent to the effect that a writ of prohibition will not be issued unless it clearly appears that the court or tribunal whose action is sought to be prohibited has no jurisdiction of the cause which it is attempting to adjudicate. It is our determination that

the jurisdiction of the ▮▮▮▮ Court of Common Pleas of Preble County, Ohio, must be based upon a legal order issued from the Court of Common Pleas of Montgomery County.

For the reasons stated we find that the Court of Common Pleas of Montgomery County exceeded its jurisdiction by granting an application for change of venue on an ex parte hearing, since in so doing he took away from the defendant a substantial right without due process of law.

The respondent's general demurrer will be overruled and if desired twenty days will be granted to file answer. If respondent does not desire to file answer the writ of prohibition will be allowed.

Entry may be prepared in accordance with this opinion.

GEIGER, PJ. & HORNBECK, J., concur.