Hohlstein, Appellant, v. Hohlstein.

Argued September 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Ronald M. Katzman,* with him *Goldberg, Evans and Katzman,* for appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY HOFFMAN, November 16, 1972:

This appeal raises the question of whether a trial judge may dismiss a divorce action on the basis of improper venue, where neither party has objected or raised the defense, and a Master's report has already been filed.

On November 16, 1971, plaintiff filed a Complaint in Divorce in Dauphin County against her husband alleging as a basis for recovery the ground of indignities. The Complaint stated that both parties were residents of Cumberland County. On November 17, 1971, defendant's attorney entered an appearance on behalf of the defendant. A Master was appointed, and, after proper notice, a hearing was held on January 13, 1972. The Master filed his report with the Court recommending that a Decree in Divorce be entered. No exceptions were taken by the defendant or his attorney with respect to the proceedings. On March 3, 1972, the Court upon its own motion ordered the case dismissed on the ground that venue was improperly laid in Dauphin County. This appeal followed.

The controversy in this case centers around the meaning and effect of Pa. R. C. P. §1122 which provides that a "[divorce] action may be brought in and only in the county in which the plaintiff or the defendant resides." This Rule, although framed in obviously mandatory language, is by its very title a venue and not a jurisdictional provision.[1] The lower court read this Rule as mandatory, and dismissed the instant case for want of proper venue.

As our Court has held, the question of which county in the state may entertain the action is a "question . . . of venue and not jurisdiction and venue may always be waived. It is a matter of procedure and not substance." *Blair v. Blair,* 195 Pa. Superior Ct. 406, 407-8, 171 A. 2d 854 (1961). See also, *Tanis v. Tanis,* 206 Pa.

---

[1] By the Act of June 21, 1937, P. L. 1982, §1, as amended, 17 P.S. §61 et seq., our Legislature vested in the Supreme Court of Pennsylvania the power to prescribe procedural rules governing all civil actions. It was provided, however, that such rules "shall neither abridge, enlarge nor modify the substantive rights of any litigant nor the jurisdiction of any of the said courts."

Superior Ct. 213, 213 A. 2d 103 (1965). The instant case, therefore, poses the questions: (1) absent an express waiver of venue, at what point does either the action or inaction of defendant result in waiver and of improper venue; and, (2) may the Court refuse to accept such waiver and dismiss a cause of action for reason of improper venue.[2]

Appellant contends that a waiver took place in two ways. First, it is contended that by entering an appearance appellee waived all defenses and objections. While the filing a form denominated an "appearance" does give the other party notice of legal representation, it does not constitute, in and of itself, the kind of "general appearance" which is a waiver of the right to raise defenses or objections to a plaintiff's complaint.[3] Notwithstanding the promulgation of Pa. R. C. P. §1012, a waiver will still be held to have occurred where the Court finds that a defendant has performed some act which unconditionally accepts the jurisdiction of the court for all purposes. *Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 208 A. 2d 252 (1965).

We come then to appellant's second contention, i.e., that appellee entered a general appearance by failing to respond in a timely fashion to plaintiff's complaint, thereby waiving his right to object to the venue of the proceedings. With this contention, we must agree.

[2] Neither party raises nor may it be argued that jurisdiction was lacking in the court below. All courts of common pleas have jurisdiction of the subject matter to determine a divorce action. Act of May 2, 1929, P. L. 1237, 23 P.S. §1 et seq. Furthermore, the court had jurisdiction over the person of the defendant since defendant was personally served by the Sheriff of Dauphin County in Harrisburg. Pa. R. C. P. §1124(a)(1).

[3] Pa. R. C. P. §1012 provides: "A party may enter a written appearance which shall state an address within the Commonwealth at which papers may be served. Such appearance shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue."

The Rules of Civil Procedure provide that every pleading subsequent to the complaint must be filed within twenty days after service of the preceding pleading, and absent any objections or defenses by way of preliminary objection, answer or reply, all such objections are waived. See Pa. R. C. P. §1026, §1032; also cf. *C. E. Williams Co. v. H. B. Pancoast Co.,* 412 Pa. 166, 194 A. 2d 189 (1963). The proper manner in which a party may raise improper venue is by preliminary objection, and if it is "not so raised shall be waived." Pa. R. C. P. §1006(e).

Although it is clear that appellee's entry of appearance did not constitute a "general appearance" so as to waive all defenses, it is likewise evident that by failing to raise the defense by way of preliminary objection and by failing to contest in any form whatsoever the proceedings before the Master, appellee acted by way of a general appearance thereby waiving his right to raise improper venue. *Chasman v. Chasman,* 161 Pa. Superior Ct. 77, 53 A. 2d 876 (1947) ; *Miln v. Miln,* 175 Pa. Superior Ct. 613, 106 A. 2d 862 (1954).

Once appellee has waived his right to raise the question of improper venue, the issue becomes whether the Court on its own motion may disregard that waiver and dismiss the complaint.

As we have already stated, venue is a matter of procedure and not substance. Furthermore, where the court has jurisdiction of the subject matter, it has been held by our Court that the right to raise the objection of venue is a mere *personal privilege belonging to the defendant* which may be waived by him. *Yohey v. Yohey,* 205 Superior Ct. 329, 208 A. 2d 902 (1965) ; *Fennell v. Guffey,* 155 Pa. 38, 25 A. 785 (1893). Unlike the question of subject matter jurisdiction, it has generally been held that the Court on its own motion may not order a change of venue, nor may it dismiss for improper

venue.   See generally, 92 C.J.S., Venue, §155.   (For cases in other jurisdictions: *Du Pont v. Bank of Utica,* 222 N.Y.S. 2d 362, 15 A.D. 2d 620; *King v. Ainsworth,* 225 Miss. 248, 83 So. 2d 97 (1955); *Humphrey v. Rawlins,* 88 S.W. 2d 776 (Texas Civ. App.); *State ex rel. Keogh v. Gilmore,* 35 Ohio Abs. 97, 39 N.E. 2d 860 (1941).

Our Court was faced with a similar issue in *General Mills, Inc. v. Snavely,* 203 Pa. Superior Ct. 162, 199 A. 2d 540 (1964), where the court below entered judgment on the pleadings, after it *sua sponte* determined that defendant filed an Answer defective in form.   Judge WRIGHT, writing for the Court reversed, saying at page 167, "We are not in accord with this [the lower court's] reasoning . . . . It should be noted that General Mills did not question the propriety of the verification.   This defect was first noticed and raised by the court below in its opinion.   Under Pa. R. C. P. No. 1032, a party waives all defenses and objections which are not presented either by preliminary objection, answer or reply."

Our holding in *General Mills* is consistent with the view that while matters affecting the substantive rights of the parties, e.g., jurisdiction of the subject matter, may be raised at any stage by the parties or by the Court itself, procedural matters are personal to the parties, and must be raised by the parties in a timely fashion or be waived.   Since appellee failed to object to venue, it was not within the Court's power to dismiss the action.[4]

------

[4] We do not at this point consider the propriety of a lower court to raise improper venue within the twenty-day period following the service of process of plaintiff's complaint upon the defendant.   Even if the Court were able to raise the question of venue on its own motion, it nevertheless could not dismiss the action.   Our Rules clearly state that "[i]f a preliminary objection to venue is sustained

We, therefore, reverse the order of the court below, and the case is remanded with a procedendo.

and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county." Pa. R. C. P. §1006(e).