## Kadien v. Commonwealth

*John J. Aponick, Jr.,* for plaintiffs.
*John T. Kalita, Larry E. Stone* and *John L. Sweezy, Assistant Attorneys General,* for Commonwealth.

DALESSANDRO, *J.,* April 25, 1978—

## NATURE OF PROCEEDINGS

This matter is before the court on preliminary objections of the Commonwealth of Pennsylvania, Department of Transportation (PennDot), raising the question of jurisdiction of the subject matter, and the preliminary objections of all other defendants in the nature of a demurrer, motion to strike plaintiffs' complaint, motion for more specific pleading, and a motion raising the question of court jurisdiction over the person of defendant, George Sisko.

## HISTORY AND FACTS

This action arises out of an automobile accident which occurred on Interstate Route 80 in Luzerne County on May 13, 1975. Plaintiffs allege that Thomas A. Kadien, while operating his vehicle in a westerly direction on Interstate 80, struck a rut on or adjacent to this highway which caused his vehicle to go out of control and collide with several trees and then burst into flames. As a result of the accident, it is alleged that the operator and passengers in the vehicle were injured.

On May 2, 1977, plaintiffs filed a praecipe for a writ of summons. The writ was served on defendants at the office of Pennsylvania Department of Transportation Maintenance District 4-3, Wilkes-Barre, Pennsylvania, by handing it to a secretary in the office.

Preliminary objections were filed to the writ of summons on behalf of PennDot by John T. Kalita, Jr. and an appearance was entered by John L. Sweezy, on behalf of the individual defendants after the writ was served on them.

## DISCUSSION AND LAW

We will first discuss PennDot's preliminary objections and then the preliminary objections of the individual defendants. PennDot contends that this court lacks jurisdiction over this subject matter because exclusive jurisdiction for civil actions against the Commonwealth is vested in the Commonwealth Court.

The pertinent section of the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, 17 P.S. §211.401, reads as follows:

"(a) The Commonwealth Court shall have original jurisdiction of:

"(1) All civil actions or proceedings against the Commonwealth . . .

"(b) The jurisdiction of the Commonwealth Court under this section shall be exclusive . . ."

It is, therefore, quite clear that the Commonwealth Court and not this court has jurisdiction over the action brought by plaintiffs against PennDot.

Pa.R.C.P. 213(f) provides: "When an action is commenced in a court which has no jurisdiction over the subject matter of the action it shall not be dismissed if there is another court of appropriate jurisdiction within the Commonwealth in which the action could originally have been brought but the court shall transfer the action at the cost of the plaintiff to the court of appropriate jurisdiction. It

shall be the duty of the prothonotary or clerk of the court in which the action is commenced to transfer the record together with a certified copy of the docket entries to the prothonotary or the clerk of the court to which the action is transferred."

Pursuant to that rule, this action against the Commonwealth of Pennsylvania, Department of Transportation, will be transferred to Commonwealth Court.

The first preliminary objection raised by the individual defendants is in regard to service of process upon George Sisko. It is argued by Sisko that service of the writ was never properly made upon him and that the service of the complaint upon attorney Sweezy thereafter did not give this court jurisdiction over Mr. Sisko.

On the day the alleged service of the writ was made on Sisko, he was no longer employed by PennDot, and he therefore contends that such service was not proper. However, on May 13, 1977, Attorney John L. Sweezy entered his appearance on behalf of all individual defendants including Mr. Sisko. On the same date he obtained a rule against plaintiffs to file a complaint.

During the interval between the service of the writ of summons and the service of the complaint, a defendant has the choice of the following alternatives:

(a) He may ignore the proceedings and do nothing, awaiting some further action by the plaintiff.

(b) He may rule plaintiff to file his complaint, under penalty of non pros. (Pa.R.C.P. 1037(a))

(c) He may raise a preliminary question of jurisdiction by filing a preliminary objection to the writ, the service, or the sheriff's return. (Pa.R.C.P. 1017(b)(1))

(d) He may file a voluntary appearance to insure his personal receipt of the complaint when filed, and then await further action by plaintiff.

In this matter Sisko's attorney entered his appearance and obtained a rule to file a complaint. The question is whether or not the action of Sisko's attorney constituted a waiver of objections to jurisdiction over his person.

It is a well established principle of law that the mere entry of an appearance does not itself constitute the kind of general appearance which is a waiver of the right to raise objections and defenses to plaintiffs' complaint: Pa.R.C.P. 1012. Waiver will be held to have occurred where defendant has performed some act which unconditionally accepts the jurisdiction of the court for all purposes: Hohlstein v. Hohlstein, 223 Pa. Superior Ct. 348, 296 A. 2d 886 (1972). When Sisko's attorney obtained a rule to file a complaint, he lost his right to object to the court's jurisdiction. . . .

### ORDER

It is hereby ordered and decreed that the preliminary objection of defendant Commonwealth of Pennsylvania, Department of Transportation, in the nature of a petition raising a question of jurisdiction on the grounds exclusive jurisdiction lies with the Commonwealth Court is sustained. It is ordered that the action against the Commonwealth of Pennsylvania, Department of Transportation, be transferred to Commonwealth Court pursuant to Pa.R.C.P. 213. Said transfer shall be at the cost of plaintiffs.

It is further ordered that the action against the other defendants shall remain in the Court of Common Pleas of Luzerne County.

It is further ordered that the individual defendants' preliminary objections are overruled and dismissed.