## In re Anonymous No. 10 D.B. 79

Disciplinary Board Docket no. 10 D.B. 79.

## REPORT OF HEARING COMMITTEE

## FACTS AND HISTORY OF THE CASE

On or about April 8, 1975, [A], consulted [Respondent] to represent her in obtaining a divorce. Pursuant to said retention, and thereafter, in April, 1975, said [Respondent] recommended to [A] that she change her address from [X] to [Y] to facilitate more convenient and economical divorce proceedings. Although, [A] was not a resident of [Y], the said [Respondent], nevertheless, assisted her in effecting a change of address to indicate that she was a [Y] resident. Thereafter, in fact, [A] did give an address that was, in effect, false. Subsequently, [A] made misrepresentations to both the [Y] County Court and the Pennsylvania Department of Transportation, regarding a change of address that was not, in fact, [A's] address and in this matter [A] was counseled by [Respondent] that it was not necessary and there were no requirements to be physically present at an address given as her address.

As a result of this conduct, Disciplinary Counsel charged [Respondent] with the following Disciplinary violations under Disciplinary Rules of the Code of Professional Responsibility:

a. D.R. 1-102(A)(4): A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentations;

b. D.R. 1-102(A)(5): A lawyer shall not engage in conduct that is prejudicial to the administration of justice;

c. D.R. 1-102(A)(6): A lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law.

d. D.R. 7-102(A)(7): In his representation of a client, a lawyer shall not counsel or assist his client

in conduct that the lawyer knows to be illegal or fraudulent.

Respondent filed no answers to any of the violations, but did appear at the hearing held in [   ], Pa.; proper notice was given to him. Said hearing was held on October 15, 1979. No counsel was present on behalf of [Respondent], but he represented himself at said hearing.

On May 25, 1979, the Disciplinary Board of the Supreme Court of Pennsylvania (board), referred this case to this hearing committee.

### FINDINGS OF FACT

There was only one charge and all of the violations of the Disciplinary Rules are treated within this charge. [A] testified that she retained [Respondent] while she was a resident of [X] County and she had been there about one year. At that time she had an address of [   ] in [X] County. Respondent advised [A] that it would benefit her to change the address to one in [Y] County. He stated that in [Y] County, no testimony was necessary and it might be more difficult to get the divorce in [X] County. He also gave an address at that time to [A], namely, [YY], Pa., in [Y] County. [A] stated that she questioned [Respondent] whether or not this was proper and he said it was all right even though she did not live there. He also gave her forms to fill out for a change of address on her license; that address was [YY], Pa. Subsequently, the driver's license was given to [A] by [Respondent]. She stated that she knew no one living there and that she never intended to live at the [YY] address. She received no other mail there. Copy of the complaint was marked exhibit P-1 and admitted into evidence. The signature of [Respondent] was also on said exhibit. The

exhibit clearly indicated that the residence of plaintiff was [Y] County, Pa. [A] stated that this was not correct and that she never had that as a residence. [A] stated that she signed the complaint under the direction of [Respondent] even though she knew that that was not her address. The complaint in divorce was actually filed in [Y] County and the testimony reveals that subsequently because [A's] husband objected to her improper residence the divorce was ultimately granted in [V] County.

Subsequently, at the hearing, a letter from [Respondent] to [A] was marked exhibit P-2 and ultimately put into evidence. Further testimony noted that there were differences between [Respondent] and [A] regarding his billing; the basis of the cross-examination was to show motive against [A] for reporting [Respondent] to the Disciplinary Board. He admitted that she complained about the fee to the Fee Dispute Board. Subsequently, P-3, docket entries of the divorce matter, certified by [Y] to [V] County, were admitted into evidence. P-3, the original complaint, was admitted into evidence over the objection of respondent.

On cross-examination by the chairman of the hearing committee, [A] stated that she brought the complaint before the Disciplinary Board not because the fee was too high, but because of the fact that respondent advised her to do an illegal act and she felt that this could have brought harm to her.

Respondent was sworn and testified on his own behalf. [Respondent] testified that he had told her that she could bring a divorce in four counties; bring it in [X] County where she lived; in [Z] County where he could get service upon her husband; in [V] County, where her husband had moved; and in [Y] County, only if she and her husband had agreed, that then you could live there. He further stated

640

that based upon the case of Hohlstein v. Hohlstein, 223 Pa. Superior Ct. 348, 296 A. 2d 886 (1972), and that he meticuously discussed the difference with [A] between jurisdiction and venue. [Respondent] testified that the signature on the complaint was not his, that someone else in his office had used it; however, he did not deny that the complaint was filed by his office.

## DISCUSSION

The committee meeting in closed session, after legal argument, unanimously found that the only Disciplinary Rule violations that respondent had violated was D.R. 1-102(A)(5), namely, that a lawyer shall not "[e]ngage in conduct that is prejudicial to the administrtion of justice."

After the finding, disciplinary counsel showed that there had been a previous private reprimand against [Respondent] on June 5, 1975, and that on June 21, 1976, that an informal admonition be given to said [Respondent]. The disciplinary counsel took no position with respect to the position regarding the type of discipline that should be made as to respondent.

## RECOMMENDATION

The committee, after private deliberation, felt that respondent should receive a private reprimand by the Disciplinary Board without probation. At that time, it was felt that the abbreviated procedure might well be used as noted in section 89.181; however, respondent, sent a letter dated October 18, 1979, requesting that the provisions of Rule 208(c)(1) be followed. In accordance therewith, the report as noted herein has been prepared. In reach-

ing its conclusion, the members of the hearing committee would like to point out that [Respondent] stated that Mrs. [A] should use an address which he knew was not her address. Under those circumstances, the committee unanimously felt that [Respondent] had participated in an action that was clearly not in the best interest of the administration of justice. The committee did not feel that [Respondent]'s conduct involved that of dishonesty, fraud, deceit or misrepresentation; although there was a previous violation, it was for this reason that the committee felt that private reprimand would be an appropriate deterrent.

## ORDER

HENRY, *Chairman, Disciplinary Board*—And now, March 21, 1980, the report and recommendation of hearing committee [   ] dated January 10, 1980, is accepted; and it is ordered and decreed, that the said [Respondent] of [   ] County, be subjected to private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(5) of the Pennsylvania Rules of Disciplinary Enforcement at the next session of this board.