424 A.2d 512

**PARADISE HAVEN, INC., a Pennsylvania Corporation, Appellant,**

v.

**William C. HOUSLEY, Jr.**

Superior Court of Pennsylvania.

Argued April 14, 1980.

Filed Nov. 21, 1980.

David G. Petonic, Greensburg, for appellant.

James Hook, Waynesburg, for appellee.

Before CAVANAUGH, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Appellant here is seeking review of an order of the lower court from which no exceptions were ever filed, arguing that the lower court at no time had jurisdiction to enter such order. As we find that appellant's argument relates to venue, which can be waived, and not jurisdiction, we affirm the lower court order. Appellant's other contentions were thus waived by his failure to file exceptions.

This action below began as a suit by the appellee Housley, a minority shareholder in the Paradise Haven Corporation, against the other shareholder, one Thomas Gazica, Jr., alleging that the latter had mismanaged the corporation's affairs. Subsequent to hearings on July 29, 1976, and August 5, 1976, the lower court entered an order, dated August 13, 1976, appointing custodians to manage the corporation.

A Rule to Show Cause was later issued to provide the shareholders an opportunity to object to the issuance of a Decree of Insolvency, and as no objections were forthcoming the decree was issued and a receiver appointed. Shortly thereafter the receiver petitioned the court for leave to sell

the corporation's assets and by order of court dated November 5, 1976 this was granted.

Sale of the corporate assets was made and the court on May 2, 1977 granted the receiver's petition *Nisi* for approval of the proposed schedule of distribution of assets to the corporation's creditors. All creditors and interested parties were notified of this proposed schedule and given 20 days within which to file exceptions. As no exceptions were filed the receiver's schedule for distribution was approved by a final order on May 27, 1977, and distribution was made.

The appellant then filed a Petition to Open Judgment and a Petition to Strike Off Judgment. The lower court granted appellee's preliminary objection to these petitions and the present appeal resulted.

Appellant argues that the lower court never had jurisdiction to hear this case based on language in the Business Corporation Law,[1] (B.C.L.) where in § 1383 entitled "Appointment of custodian for close corporation" it reads:

A. In addition to the provisions of section 513.1 of this act 1 respecting the appointment of a custodian for any corporation, *the court of common pleas of the county in which the registered office of the corporation is located*, upon application of any shareholder, may appoint one or more persons to be custodians, and, if the corporation is insolvent, to be receivers, of any close corporation when: . . . [Emphasis Supplied]

Appellant says that the foregoing provision restricts subject matter jurisdiction of such appointments and that disposition of the corporation's assets by the Court of Common Pleas of Greene County was illegal since appellant's registered office is located in Allegheny County.

The issue for this court then is whether the B.C.L. was defining subject matter jurisdiction, or rather, as appellee asserts, defining the preferred site for venue purpose.

It is clear that if the statute concerns venue, it can be waived by failure to object, and appellant therefore would

1. Act of May 5, 1933, P.L. 364, Art. III, Section 383, added Act of July 20, 1968, P.L. 459, No. 216, Section 18; 15 P.S. § 1383 A.

have no grounds on which to base this appeal. *Hohlstein v. Hohlstein,* 223 Pa.Super. 348, 296 A.2d 886 (1976).

We find that the B.C.L. at § 1383 was defining venue, and further that the Court of Common Pleas of Greene County, the lower court here, had subject matter jurisdiction and therefore appellant's contentions as to jurisdiction are waived.

In § 1006 of the B.C.L. entitled "Interpretation of Act" it reads, in pertinent part, ". . . This act shall not be deemed to curtail in any manner whatsoever the law or equity jurisdiction of the courts of this Commonwealth." The General Assembly has given unlimited original jurisdiction to the Courts of Common Pleas in matters pertaining to the supervision and control of corporations. 42 Pa.C.S.A. § 931; see also *Brown v. Brancato,* 321 Pa. 54, 184 A. 89 (1936).

Therefore § 1383 clearly is defining venue and as the lower court was possessed of subject matter jurisdiction when it made final its order disposing of appellant's assets, appellant cannot now challenge the merits of that decision.

Order affirmed.