## Bradley v. Bradley

*Peter T. Campana*, for plaintiff.
*Susan M. Hill*, for defendant.

## OPINION

WOLLET, *J.*, August 17, 1983—Before the court is the record in the above captioned divorce matter. Plaintiff is requesting the court to enter a final decree in divorce. The complaint on its face indicates that venue is in Columbia County. The court will consider in this opinion whether it is permitted to consider a divorce action in which the venue requirement of the Divorce Rules has not been met.

Pa. R.C.P. 1920.2 governs venue in a divorce action. According to this rule a divorce action may only be brought in the county in which the plaintiff

or defendant resides. The case law has indicated that any objection to venue is waived by the failure of defendant to file a preliminary objection in the nature of a Petition Raising a Question of Venue (Pa.R.C.P. No. 1017(b)(1). Hohlstein v. Hohlstein, 223 Pa. Super. Ct. 348, 296 A.2d 886 (1972); Gogets v. Gogets, 267 Pa. Super Ct. 458, 402 A.2d 1132 (1979). In Brion v. Brion, No. 81-21, 133 (Opinion of November 1, 1982), this court held that the court may not raise, sua sponte, the issue of improper venue.

On April 23, 1982, the Court Administrator of Pennsylvania directed a letter to all President Judges of the Courts of Common Pleas of the Commonwealth, which indicated that the venue rule should be enforced. This letter was in response to the wholesale disregard by counsel of the venue rules. See Keiser v. Keiser, 131 P.L.J. 94 (1983). As indicated by the court's disregard of the Court Administrator's letter in Brion v. Brion, supra, this court was of the view that the letter from the Court Administrator did not have the force of law and did not permit the court to, sua sponte, enforce the venue rule. However, on July 1, 1983, new rules governing actions of divorce became effective. Rule 1920.2 was amended to include a note which states: "The Court Administrator of Pennsylvania on April 23, 1982, pursuant to instructions from the Supreme Court, issued a memorandum and directive to all President Judges that 'the courts of common pleas are directed to require strict compliance with Pa.R.C.P. 1920.2 . . .' "

Clearly, the Supreme Court, in adopting the note to Rule 1920.2, has given the letter of April 23, 1982, the force of law and this court must, sua sponte, consider whether the venue requirements of Rule 1920.2 have been met. In the present action

the complaint, on its face, indicates that venue lies in Columbia County. This being the case, the court has no alternative but to transfer the action to the Court of Common Pleas of Columbia County.

## ORDER

And, now, this August 17, 1983, it is ordered and directed that plaintiff's request for the court to enter a divorce decree is denied. The prothonotary is directed to forward the record of this action to the Prothonotary of the County of Columbia.