Goble *v.* S. Klein on the Square, Appellant.

Argued April 25, 1968. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John C. Smith,* with him *Butler, Beatty, Greer & Johnson,* for appellant.

*Alexander A. DiSanti,* with him *Richard, Brian & DiSanti,* for appellee.

OPINION PER CURIAM, May 21, 1968:

On December 16, 1966 Vincent T. Goble filed a complaint in trespass in Delaware County against S. Klein on the Square, a New York Corporation. The Sheriff of Delaware County caused service to be made by leaving a copy of the complaint with one Mrs. Gasboro at the defendant's place of business in Delaware County, the return stating that said Mrs. Gasboro was the person in charge of the defendant's office at the time of the service.

No action having been taken by the defendant within 20 days after the service of the complaint, the plaintiff entered a default judgment on February 9, 1967 and the defendant was accordingly informed by letter dated February 14, 1967. On the same day that the letter was written, plaintiff's counsel received a call from William C. Beatty, Esquire, of the Delaware County Bar, advising that he had been requested by the defendant to enter an appearance in its behalf. The plaintiff's counsel advised that he would agree to the opening of the judgment if the default was due to inattention on the part of Attorney Beatty. When Mr. Beatty advised that there had been no inattention on his part and the indications were that the delay in taking action was the fault of the insurance carrier, plaintiff's counsel would not agree to the opening of the judgment.

The next day, February 15, 1967, plaintiff's counsel read to Mr. Beatty the language of the sheriff's return. On February 24, 1967, Mr. Beatty advised plain-

tiff's counsel he would enter a general appearance on behalf of the defendant company and wished to join the manufacturer of the alleged defective snow-throwing machine as an additional defendant. Plaintiff's counsel cooperated to the extent of giving Mr. Beatty all information he had with regard to the manufacture, but, still later, after receiving a letter dated May 27, 1967 from plaintiff's counsel, Mr. Beatty advised he would not file a petition to open judgment.

Beatty then caused a writ to be issued to join the manufacturer as an additional defendant and he agreed with plaintiff's counsel for a trial in May of 1967. But Mr. Beatty became ill and no complaint was filed against the additional defendant.

On September 27, 1967 an associate of Mr. Beatty petitioned the court to open the default judgment. The defendant alleged in its petition that the service had not been made in accordance with the Rules of Civil Procedure in that the Mrs. Gasboro served was not a person in charge of its office but was a secretary in the security department of its store.

In explaining the reason for the delay in taking action, the petition stated that the defendant had forwarded the copy of the complaint to its insurance department in New York, which in turn had forwarded it to the defendant's insurance company in Pennsylvania; that the latter company had misplaced it and thus it was not received by its counsel until February 21, 1967. The defendant averred in the petition that the default judgment was entered in violation of Rule 2082 of the Rules of Civil Procedure in that the plaintiff had failed to give defendant notice of the entry of the default judgment. The petition asked that the plaintiff show cause why the judgment entered should not be opened and the defendant let into a defense or, in the alternative, to set aside service and strike off the judgment.

After answer and reply, a rule to show cause was issued and a hearing followed. The court denied the defendant's petition. This appeal followed.

Whether or not the prayer of defendant's petition should have been granted was a matter within the discretion of the court below, and, in the absence of a manifest abuse of that discretion we must affirm: *Atlas Aluminum Corp. v. Methods Research Products Co.*, 420 Pa. 407. We are constrained to the conclusion that it would have been a manifest abuse of the lower court's discretion if it had granted the defendant's petition since the record clearly shows, that, the question of the validity of service and notice of judgment aside, the defendant slept on its rights to object to the service and voluntarily chose to proceed to a contest on the merits by filing a general appearance, followed by the issuing of a writ to join the manufacturer as an additional defendant, instead of filing objections to the service or, instead, of filing a petition to open the judgment. No legally sufficient explanation or excuse for the failure to make timely objection to the service or to the lack of notice was shown.

It would appear that the late filing of the petition to open the judgment was the result of a change of strategy. This change, however, came too late and the defendant is therefore bound by the judgment it did not at first seek to open.

Order affirmed.