O'Barto v. Glossers Stores, Inc., Appellant (et al.).

202

Argued April 11, 1974.   Before WATKINS, P. J., JACOBS, HOFFMAN, PRICE, VAN DER VOORT, and SPAETH, JJ. (CERCONE, J., absent).

*W. Arch Irvin, Jr.,* with him *Wayman, Irvin, Trushel & McAuley,* and *John M. O'Connell, Jr., Thomas J.*

*Godlewski,* and *O'Connell, Silvis & Godlewski,* for appellant.

B. *Patrick Costello,* with him *Costello & Berk,* and D. J. *Snyder, Christ C. Walthour, Jr.,* and *Costello, Snyder, Berk & Horner,* for appellee.

OPINION BY HOFFMAN, J., June 21, 1974:

The issue in this appeal is whether the court below erred in granting the appellee's preliminary objections and striking off the complaint by which the appellant sought to join the appellee as an additional defendant in a trespass action.

The action was instituted by a writ of summons issued by the plaintiff against the original defendant-appellant (hereinafter, Glosser) on April 19, 1970. On May 8, 1970, Glosser filed a praecipe for a writ to join as an additional defendant the appellee (hereinafter, Eastgate).[1] The writ was served on Eastgate on June 25, 1970. Counsel for Eastgate entered a written appearance and on June 30, 1971 filed a rule on Glosser to file its complaint. Glosser then ruled the plaintiff to file a complaint which was served on Glosser sometime in early November of 1971. On February 9, 1972, Glosser answered the plaintiff's complaint and filed its complaint against Eastgate.

On March 16, 1972 Eastgate filed and served written interrogatories on the plaintiff which were answered in June. On March 21, 1972 Eastgate answered the original defendant's complaint, denying any liability to the plaintiff. On April 6, 1972 Eastgate filed a complaint to join the L-D Building Co. as an additional defendant. Eastgate then filed preliminary objections

---

[1] The appellant also sought to join the Dill Construction Company as an additional defendant. Dill's preliminary objections were sustained in October of 1972. The propriety of the court's action in this regard is not involved in this appeal.

204

to Glosser's complaint on September 19, 1972. The objections were sustained and appellant's complaint dismissed on October 17, 1972.[2]

Eastgate contended in the court below that the service of the writ of summons to join it as an additional defendant was defective.[3] The argument is based upon Pa. R. C. P. No. 2254(b) which provides:[4] "(b) The writ, or a copy of the complaint of the defendant or the additional defendant, if the joinder is commenced by complaint, shall be served by the sheriff in the same manner as a writ of summons within thirty (30) days of commencement of the action to join, unless the time be extended by the court upon cause shown." It is clear that Glosser's service of the writ was not in compliance with the rule. Although several lower court decisions have held that service of the writ beyond the thirty day limit is invalid and creates no jurisdiction over the additional defendant,[5] we believe those cases are inapplicable as the appellee submitted to the jurisdiction of the court, thus waiving any objection to the failure to comply with the above quoted rule.

Subsequent to the service of the writ and the filing of Glosser's complaint against it, Eastgate entered an

[2] Eastgate's complaint against L-D Company was also dismissed. Eastgate has not appealed from the order.

[3] Eastgate also contended that the appellant did not comply with Pa. R. C. P. No. 2253 which requires the filing of an additional defendant complaint within 60 days of the service of the plaintiff's complaint on the original defendant, appellant herein. The applicability of the rule is disputed by the appellant. However, even if applicable, any non-compliance with the rule has been waived for the same reasons that the defective service of the writ has been waived.

[4] The same thirty day rule is applicable between the original parties. Pa. R. C. P. No. 1009(a).

[5] See *Mannetti v. Mannetti*, 47 D. & C. 2d 544 (1969) ; Commentary to 1969 Amendment, Goodrich-Amram, Standard Pennsylvania Practice, 1972 Supp. p. 152.

appearance, answered Glosser's complaint on the merits, filed and served interrogatories on the plaintiff, and attempted to join an additional defendant. By virtue of a 1966 amendment to Pa. R. C. P. No. 1012,[6] a written appearance, in and of itself, does not constitute a waiver of the right to raise jurisdictional questions.[7] However, when a party takes "some other and further action to the merits" of a case, a waiver may be found. Goodrich-Amram, Standard Pennsylvania Practice, 1973 Supp., p. 188, Commentary to Pa. R. C. P. No. 1012. "[W]here the court finds that a [party] has performed some act which unconditionally accepts the jurisdiction of the court . . .", a waiver will be found. *Hohlstein v. Hohlstein*, 223 Pa. Superior Ct. 348, 351, 296 A. 2d 886 (1972) ; see also *Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 208 A. 2d 252 (1965).

In the instant case, appellee's actions, subsequent to the filing of appellant's complaint, clearly demonstrates active participation in the litigation of the lawsuit on the merits. Thus, the appellee has taken that "further action to the merits" which evidenced an intent to forego any objection to the defective service.[8] See

---

[6] Pa. R. C. P. No. 1012 provides: "A party may enter a written appearance which shall state an address within the Commonwealth at which papers may be served. Such appearance shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue."

[7] Subject matter jurisdiction may be raised at any time or by the court on its own motion. *Hohlstein v. Hohlstein*, 223 Pa. Superior Ct. 348, 352, 296 A. 2d 886 (1972).

[8] The appellee argued that appellant did not comply with Rule 2252(b) which requires that a complaint be filed within twenty days of the service of a writ when a party is sought to be joined by writ of summons. The proper remedy for non-compliance with Rule 2252(b) is to move under Rule 2254(d) for a judgment of non pros. in the same manner as in an action for assumpsit. The assumpsit Rule (Pa. R. C. P. No. 1037(a)) requires a party to rule the joining party to file a complaint before the non pros. be

*Goble v. S. Klein,* 430 Pa. 93, 96, 242 A. 2d 251 (1968) ; *Crown Construction Co. v. Newfoundland A. I. Co.,* 429 Pa. 119, 124, 239 A. 2d 452 (1968).

Furthermore, the appellee did not file its preliminary objections until seven months after the appellant's complaint had been served with notice to plead. Because preliminary objections are responsive pleadings, they must be filed within twenty days of the preceding pleading,[9] or the objection is deemed to be waived.[10] Pa. R. C. P. No. 1026, 1032; see also *Hohlstein v. Hohlstein,* supra at 352. Although late pleadings are often allowed in the interest of justice, [*Fisher v. Hill,* 368 Pa. 53, 81 A. 2d 860 (1951)], the appellee has offered no just reason to excuse its seven months of inaction during which appellant was led to believe that the appellee was contesting on the merits.[11] Under these facts, the appellant has waived any right to object to the defective service.

The order of the court below is reversed and the case remanded with a procedendo.

---

entered. The appellee never moved for a judgment of non pros. and the exclusive remedy for noncompliance with Rule 2252(b) appears to be the non pros. procedure of Rule 2254(d). See *Alberto v. Williams,* 60 D. & C. 2d 272 (1973) ; Goodrich-Amram, Standard Pennsylvania Practice, Vol. II, 1973 Supplement, p. 254; *Alexander v. Mastercraft Const. Co., Inc.,* 455 Pa. 579, 317 A. 2d 278 (1974).

[9] See *Monaco v. Montgomery Cab Co.,* 417 Pa. 135, 139 n.1, 208 A. 2d 252, 254 n.1 (1965).

[10] Lower court cases uniformly hold that the filing of preliminary objections long after the time limit therefor constitutes a waiver of the matters complained of. See *Shope v. Ninneman,* 18 Cumb. L. J. 31 (1968) ; *Perma Made Products v. Pomerantz,* 93 Mont. Co. L. J. 254 (1970).

[11] The appellee's late filing of the preliminary objections appears to have been motivated by a change of strategy after the other additional defendants sought to have the complaints dismissed against them. After giving every indication that it was contesting on the merits, appellee then sought to press a procedural irregularity which had occurred at the very inception of the lawsuit.