## Fitzpatrick v. Stover

*Liebert, Short, Fitzpatrick and Lavin*, for plaintiff.

*Alan D. Williams, Jr.*, for defendant.

BECKERT, *J.*, February 26, 1976—The preliminary objections filed to defendant's answer in trespass at first blush appear to present a problem without an equitable solution. Plaintiff's preliminary objections go primarily to the fact that defendant's answer was not filed within 20 days after service of the complaint, but some four months plus thereafter, and, therefore, in violation of Pa.R.C.P. 1026. The belated answer filed by defendant is a denial that John L. Stover, Jr., was on the date, time and place in question operating the motor vehicle as averred in plaintiff's complaint.

Defendant's response to the preliminary objections can be best summarized by the phrase, "So what?" for, so contends defendant, even if defendant had filed his answer within the allowable time, the same prejudice would result to plaintiff and that this prejudice is self-imposed, for plaintiff's complaint, while filed three days before the statute

of limitations was to run, was not served on defendant John L. Stover, Jr. until one day after the statute of limitations had, in fact, run. Therefore, so asserts defendant, no prejudice results by virtue of defendant's dilatory answer, for even if the answer had been timely filed, plaintiff would be met with the same problem, namely, suit commenced against the wrong party and the expiration of the statute of limitations which would prevent either the allowing of an amendment or the filing of a new complaint against the proper defendant.

Both sides have cited numerous cases in support of their position and we have read these cases and others. While it is not specifically announced in all of the cases which we have read which deal with the striking of dilatory pleadings, the general theme that prevails in those cases is the weighing of the prejudice that will result by striking, or refusing to strike, a dilatory pleading and the injustice that may follow: Fisher v. Hill, 368 Pa. 53, 81 A. 2d 860 (1951).

In the instant case, the prejudice to plaintiff is obvious. If defendant's answer is not stricken and the denial that defendant was not the operator of the vehicle on the date of the accident is allowed to stand, plaintiff will be unable to institute suit against the operator of the vehicle because of the running of the statute of limitations. While we agree in part with defendant that this prejudice results from plaintiff's own doing, or lack of prompt doing, we have difficulty to conclude, within the framework of this case, that justice to either party would be served by allowing the case to go to trial in the posture of defendant not being allowed to assert the factual defense that he was not the driver of the alleged negligently operated vehicle. However,

neither can we stomach a result which would close the door on plaintiff proceeding against the proper person. We say this as it appears from reading between the lines that plaintiff has been lulled, although not deliberately, into some sense of false belief that the person he named in this complaint was, in fact, the driver of the vehicle in which plaintiff was a passenger. See DeRugeriis et al. v. Brener, 237 Pa. Superior Ct. 177, 348 A. 2d 139 (1975). It is obvious when looking at the complaint that plaintiff therein named the "proper person" as defendant but by a wrong designation. That is to say, that the *driver* of the vehicle is the *defendant* and the fact that he is designated as John L. Stover, Jr. rather than, we assume, John L. Stover, III, should not defeat plaintiff's cause of action, as the right party was sued but under a wrong designation: Paulish v. Bakaitis, 442 Pa. 434, 441, 275 A. 2d 318 (1971); Powell v. Sutliff, 410 Pa. 436, 438, 189 A. 2d 864 (1963); Gozdonovic v. Pleasant Hills Realty Company, 357 Pa. 23, 29, 53 A. 2d 73 (1947); Wright v. Eureka Tempered Copper Company, 206 Pa. 274, 55 Atl. 978 (1903). We also note that defendant, prior to filing his answer, not only had counsel enter an appearance but also filed and served interrogatories on plaintiff to which plaintiff responded. These acts may constitute a waiver of the position which defendant is now asserting (O'Barto v. Glossers Stores, Inc., 228 Pa. Superior Ct. 201, 205, 324 A. 2d 474 (1974)) for active participation in the litigation of a lawsuit on the merits constituted such a waiver. See also Goble v. S. Klein on the Square, 430 Pa. 93, 96, 242 A. 2d 251 (1968).

It is the assumption of this writer that the same insurance carrier is involved on behalf of the "Defendant John L. Stover, Jr." as the person we assume to be the correct defendant, John L. Stover,

III. (It is noted that John L. Stover, III, signed the affidavit to the answer above the typewritten name of "John L. Stover, Jr.".) Therefore, the carrier had proper notice of the accident and the suit: Zielinski v. Philadelphia Piers, Inc., 139 F. Supp. 408 (E.D. Pa., 1956); Denver v. Forbes, 26 F.R.D. 614 (E.D.Pa., 1960). See also Loudenslager v. Teeple, 466 F. 2d 249 (Court of Appeals 3rd Cir., 1972), and cannot be prejudiced by proceeding with a defense.

Our procedural rules, specifically Pa.R.C.P. 1033, vest in this court the discretion at any time to permit plaintiff to correct the name of a party and Pa.R.C.P. 126 provides that the rules be liberally construed to secure the just and speedy determination of every action. However, plaintiff has not sought an amendment. We do not feel justified in granting an amendment sua sponte as we may be incorrect in the assumptions made herein, namely, that the correct defendant is John L. Stover, III, and that the same carrier represents both John L. Stover, Jr., and John L. Stover, III and, therefore, will only grant plaintiff the right to aver those facts, if plaintiff believes they are correct, in order that defendant may file appropriate denials if, in fact, he contends our assumptions are not correct.

We believe this solution represents the most equitable approach, for to strike defendant's answer puts the defense in the most awkward position of being saddled with a fact which is not correct and with a client who could not testify as to the factual aspects surrounding the accident or the injuries that immediately flowed therefrom.

Finally, plaintiff has raised the additional objection that the verification to the answer is defective, since John L. Stover, III, is not a party to this action and has not set forth the reason why John L. Stover, Jr., did not make the verification, this objection

would support plaintiff's motion to strike the answer, subject to leave being granted to defendant to correct the verification: Hare v. American General Life Insurance Company, 43 D. & C. 2d 126 (1967).

Therefore, in accordance with the foregoing, we enter the following

## ORDER

And now, February 26, 1976, plaintiff's preliminary objections in the nature of a motion to strike defendant's answer to plaintiff's complaint are overruled and dismissed. Leave, however, is granted to plaintiff to file, within 20 days from the date hereof, a rule to show cause as to why the caption and the averments of the complaint should not be amended by deleting the name of John L. Stover, Jr., and substituting the name of John L. Stover, III, as defendant in this action.