## Hatfield v. Hatfield

*Morgan, Hallgren, Crosswell & Kane, P.C.,* for plaintiff.

*Xakellis, Perezous & Mongiovi,* for defendant.

HUMMER, *J.,* March 25, 1981—

## BACKGROUND

Presently before the court are respondent's preliminary objections to petitioner's petition to determine custody in the above captioned divorce action. Respondent filed an action in divorce on July 11, 1980, at which time she resided in Lancaster County. On August 10, 1980 respondent moved to Missouri taking with her the parties' son. On January 15, 1981 petitioner filed an answer and counterclaim to respondent's divorce complaint and a petition to determine custody pursuant to the provisions of the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. § 101 et seq.

Respondent contends that this court has neither subject matter jurisdiction nor jurisdiction over the necessary parties in this custody proceeding. Alternatively, respondent argues that this court should decline to exercise jurisdiction over the custody matter on the basis that the Missouri courts would be a more convenient forum.

## DISCUSSION

Initially the court notes that the practice and procedure in custody petitions filed pursuant to the Divorce Code of 1980 is the same as that followed in custody actions generally. See Pa.R.C.P. 1920.32. Accordingly, matters of interstate jurisdiction are

controlled by the Uniform Child Custody Jurisdiction Act (UCCJA), 42 Pa.C.S.A. §5341 et seq. It is clear that the courts of Pennsylvania may exercise jurisdiction in the present custody action under section 5344(a)(1)(ii), which provides for jurisdiction in a state which has been the child's home state within six months before commencement of the proceeding.

Respondent's objection that Missouri would provide a more convenient forum must be dismissed pursuant to section 5348 of the UCCJA as there is no reason to believe that the evidence relevant to the custody decision is more readily available in Missouri than in Pennsylvania. In fact, the court would be inclined to believe that more substantial evidence of the child's "best interests" would be available in Pennsylvania. Additionally, at the time the petition for custody was filed, Missouri was not the child's home state and could not be considered a *more* appropriate forum: Matter of D.L.S., 278 Pa. Superior Ct. 446, 420 A. 2d 625 (1980).

Finally, respondent contends that she has not been properly served with the petition for custody and thus the court is without personal jurisdiction. This question is governed by section 5346 of the UCCJA. Basically that section describes the manner in which notice must be given to a person outside of Pennsylvania to allow jurisdiction over that person by the courts of Pennsylvania. However, subsection (d) provides that notice is not required if a person submits to the jurisdiction of the court.

The issue in this proceeding is thus reduced to whether respondent has submitted to the court's jurisdiction in this custody action by her filing of a divorce complaint? Section 301 of the Divorce Code of 1980 provides for the jurisdiction of the court over claims for alimony, alimony pendente lite,

support, property distribution, and *custody* brought pursuant to an action in divorce. Also, Pa.R.C.P. 1920.15 permits defendant in a divorce action to set forth by counterclaim or subsequent petition any claim or claims which may be joined with an action in divorce. Thus, a party filing a complaint in divorce must be aware that as part of the divorce action claims for property distribution, alimony, *custody,* etc., may be filed by defendant by way of a counterclaim.

Accordingly, respondent has submitted to the jurisdiction of this court by filing a divorce complaint and the objections to personal jurisdiction must be held to have been waived: Yentzer v. Taylor Wine Co., 409 Pa. 338, 186 A. 2d 396 (1962), and O'Barto v. Glossers Stores, Inc., 228 Pa. Superior Ct. 201, 324 A. 2d 474 (1974). The service of the custody petition upon respondent's counsel of record at the address endorsed for service of subsequent pleadings is satisfactory pursuant to Pa.R.C.P. 1027.

### ORDER

And now, March 25, 1981, the preliminary objections of respondent, Joyce E. Hatfield, filed in response to petitioner's custody action, are dismissed.