# Jones v. Jones

*Kenneth F. Lee*, for plaintiff.
*William C. Cramer*, for defendant.

WALKER, *J.*, December 22, 1986—Plaintiff, Dennis G. Jones, filed for divorce on January 4, 1984. Counsel for plaintiff mailed a copy of the complaint to defendant, Sabine Jones, by certified mail to her home in Badenhard, West Germany. The complaint was returned unclaimed. Defendant wrote to plaintiff's counsel on September 4, 1984, stating that she wished to contest the divorce and that she wanted to retain local counsel. In her letter, defendant referred to a complaint that she had received in August 1984. There is no record that a true and correct copy of the complaint was mailed to her at that time.

On March 13, 1985, a local attorney filed for an extension on behalf of defendant. A master's hearing was subsequently held on August 6, 1985. Plaintiff and his attorney appeared, but neither defendant nor any counsel for defendant attended. A master's report was filed on December 31, 1985,

finding that plaintiff had suffered such indignities as to justify granting him a divorce. The master recommended that no divorce be granted, however, because there was no record that defendant had been served with a true and correct copy of the complaint within 90 days of its filing date, pursuant to Rule 404 of the Pennsylvania Rules of Civil Procedure. Plaintiff filed exceptions to the report, arguing that plaintiff waived any objection to defective service by entering an appearance in the action.

It is true that defective service may be waived by the parties. See *Crown Constr. Co. v. Newfoundland Am. Ins. Co.*, 429 Pa. 119, 239 A.2d 452 (1968) (objection to defective service waived by filing answer on merits); *Glove v. S. Klein on the Square*, 430 Pa. 93, 242 A.2d 251 (1968). (objection to defective service waived by defendant's entry of a general appearance). The issue presented here is as follows: When the alleged service of the complaint is deficient and the record does not indicate that an out-of-state defendant received a true and correct copy of the complaint, within 90 days of filing, does the mere filing of an extension of time by local counsel constitute a general appearance sufficient to constitute a waiver of defective service? The answer is, in short, no.

Counsel for plaintiff cites *Commonwealth v. Haines*, 55 D.&C. 2d 204 (1972), for the proposition that a motion for a continuance is sufficient to constitute a general appearance. In that case, defendant filed a preliminary objection to the complaint, asserting that service on him was defective. Subsequent to making this objection, his counsel negotiated an interim decree with the commonwealth, and later agreed to a second decree which defined the terms of the first one. Both of these orders were filed with, and approved by, the court. The com-

monwealth then charged defendant with violating the orders. After a hearing was held on the matter, defendant pointed out that preliminary objections in the nature of bad service were still pending. The court held that defendant's continued participation in the proceedings was extensive enough to constitute a waiver of the defective service.

The present case bears no resemblance to *Haines*. Defendant received some notice that a divorce action had been filed against her. She apparently contacted a local attorney who filed for an extension in order to stay the action until defendant could properly evaluate its merits. Defendant probably did this out of fear that a foreign decree would be entered against her before she had full knowledge of the nature of the case. The court does not believe that this minimalist act subjects her to our jurisdiction. Accordingly, plaintiff's exceptions shall be dismissed.

The master's hearing was held back in August 1985. From September until December 1985, the master wrote to plaintiff's counsel five times to inform him that the divorce could not be granted because he had not perfected service on defendant. Counsel refused to respond to the master's advisement. The master's report, filed on December 31, 1985, found that plaintiff had grounds for a fault divorce but that it should not be granted because of the defective service. Now, 15 months after first receiving notice that service was defective, counsel has filed exceptions to the report based on tenuous legal arguments, rather than merely perfecting service.

Over three years have passed since plaintiff and defendant have separated. If plaintiff's attorney sees fit to correct the defective service or to amend his complaint to a section 201 (d) unilateral divorce,

there is still some possibility that plaintiff may be divorced before the end of the decade.

## ORDER

December 22, 1986, plaintiff's objections to the master's report are hereby dismissed.