**Vessells v. Jones**

*Keith W. Williams II,* for plaintiff.

*Margaret M. Fenerty, Brian M. Puricelli* and *Matthew K. Hubbard,* for defendants.

CARRAFIELLO, *J.,* June 14, 2010—Defendant, officer Harry Jones, appeals from an order of the Philadelphia Court of Common Pleas entered on March 5, 2010, denying post-trial motions in the above captioned matter.

## FACTUAL AND PROCEDURAL HISTORY:

Plaintiffs Charlymane Vessells and Kevin Harrell, husband and wife, filed an action against defendants and Philadelphia Police Officers Harry Jones, Charlton Lane, Steven Mitchell, William Smith, Christopher DiPietro, and Paul Camarote (collectively Defendants) for damages arising from an incident that occurred on January 19, 2006, at which time defendants were on duty in their capacity as police officers.[1]

Plaintiffs, who sued each defendant in an individual capacity, alleged that they were dragged from their parked car in the early morning hours of January 19, 2006, beaten, and arrested for driving under the influence, aggravated assault, and resisting arrest.

Plaintiffs specifically alleged that defendant Harry Jones initiated the assault by removing plaintiff Vessells from the vehicle, punching her in the face, and slamming

---

1. On January 19, 2006, all named defendants were employed by the Philadelphia Police Department; defendants Harry Jones and Charlton Lane have since retired from and been terminated by the department, respectively.

her facedown into the sidewalk, causing her to sustain serious injuries. Plaintiffs further alleged that defendant Jones punched plaintiff Harrell in the face and that the remaining defendants subsequently joined in the assault by punching and kicking plaintiff Harrell. Defendant Harry Jones filed a counterclaim for assault and battery against plaintiffs.

Plaintiffs' lawsuit proceeded to a jury trial on October 16, 2009. The jury returned a verdict on October 30, 2009 in favor of plaintiff Vessells and against defendant Jones only on her assault, battery, and intentional infliction of emotional distress claims in the amount of $550,000, awarding $350,000 in compensatory damages and $200,000 in punitive damages.

The jury also found in favor of all defendants and against plaintiff Harrell on his claims, and in favor of plaintiffs and against defendant Jones on his counterclaim.

Defendant Jones timely filed post-trial motions which were denied on March 5, 2010, following oral argument. On the same date, this court granted plaintiffs' motion for delay damages and accordingly molded the verdict to $564,895. Plaintiff filed a praecipe to enter judgment on the verdict on March 30, 2010, at which time judgment was entered.

This court additionally dismissed defendant's objections to plaintiffs' bill of costs on March 5, 2010, for failing to comply with the applicable rules of court.

Defendant's appeal followed.

## STATEMENT OF ISSUES:

Defendant filed a Pa.R.A.P. 1925(b) statement, pursuant to this court's order, stating four issues on appeal. For ease of discussion, we have restated them as follows:

(1) Did the court err in exercising personal jurisdiction over defendant, who was not personally served with original process?

(2) Did the court err in reconsidering an order sustaining defendant's preliminary objection to service and allowing plaintiffs to file a second amended complaint, and in dismissing the preliminary objections to the second amended complaint as moot?

(3) Did the court err in denying defendant's motion for a mistrial after plaintiffs' counsel referenced the Rodney King case in his closing argument where the court stopped the argument, gave a detailed curative instruction to the jury, and did not allow plaintiffs' counsel to proceed until the court was satisfied that each juror's impartiality was unaffected?

(4) Did the court err in

(a) granting delay damages to plaintiffs;

(b) Dismissing defendant's objections to plaintiffs' bill of costs where said objections were filed in violation of Phila. Local Rule 227.5(E); and

(c) Denying defendant's motion for sanctions where plaintiffs did not exhibit dilatory, obdurate, or vexatious conduct?

## DISCUSSION:

We must first note that defendant failed to order notes of testimony as required by Pennsylvania law, which renders his post-trial motions deficient and provides grounds for the appellate court to dismiss or quash his appeal.

Pursuant to Pa.R.C.P. 227.3, "[a]ll post-trial motions shall contain a request designating that portion of the record to be transcribed in order to enable the court to dispose of the motion." Pa.R.C.P. 227.3(a). In addition, Pa.R.A.P. 1911 provides that an appellant is required to request a transcript and that his or her failure to do so entitles an appellate court to dismiss an appeal. Pa.R.A.P.1911(a), (d). See also, *Gorniak v. Gorniak,* 350 Pa. Super. 502, 504 A.2d 1262 (1986).

When an appellant's failure to comply with the Rules of Appellate Procedure prevents a court from discerning what questions are before it to conduct a meaningful appellate review, the appeal may be quashed. *Wilkerson v. Temple University Health Sys.,* 2005 Phila.Ct.Com.Pl. LEXIS 407, \*27 (2005) (affirmed without opinion by *Wilkerson v. Temple University Children's Medical Center,* 913 A.2d 955 (Pa. Super. 2006)).

The trial court, lacking the relevant notes of testimony, has been prevented from addressing the issues defendant has raised on appeal with the precision, particularity, and degree of accuracy this matter deserves.

Given defendant's failure to comply with the applicable statutory mandates, this court respectfully submits that the instant appeal should be quashed or, alternatively, dismissed.

In the event that defendant's appeal is reviewed on its merits, each of the issues raised in his 1925(b) statement, as restated, is discussed below.

> (1) *Did the Court Err in Exercising Personal Jurisdiction Over Defendant, Who Was not Personally Served with Original Process?*

It is axiomatic that a defendant must be served with original process for a court to obtain personal jurisdiction. The rules governing service of process must be strictly followed and invalid service renders a court powerless to enter judgment against a defendant. *Witherspoon v. City of Philadelphia,* 564 Pa. 388, 397, 768 A.2d 1079, 1084 (2001).

Pa.R.C.P. 402 provides that original process may be served "by handing a copy at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof". Pa.R.C.P. 402(a)(2)(iii).

Defendant, who was on duty as a Philadelphia Police Officer during the January 19, 2006 altercation with plaintiffs, subsequently retired from the Philadelphia Police Department.[2] Plaintiff served defendant by serving original process on the City of Philadelphia Law Department on December 19, 2007, at which time defendant was no longer a city employee. Service was therefore invalid.

Despite this initial defect in service, defendant acquiesced in the city's representation, thereby giving it the

---

2. While it was uncontested that defendant was retired at the time process was served on December 19, 2007, neither plaintiffs nor defendant provided his specific date of retirement.

authority to accept service on his behalf, and waived his objections to service through the city's actions in representing defendant on the merits of the case.

Margaret Fenerty, Esquire, an attorney with the Philadelphia City Solicitor's Office, entered her appearance on behalf of defendant on March 17, 2008, and later moved to withdraw her appearance on November 21, 2008. Her motion was granted and Brian Puricelli, Esquire, entered his appearance on behalf of defendant on November 28, 2008 and represented him thereafter.

Defendant acknowledged in his August 28, 2009 deposition that the city informed him that a complaint was filed against him, that he met with Margaret Fenerty, Esquire regarding the complaint, that she informed him that the city would represent him, and that he did not have a problem with that representation.

Defendant testified as follows:

"Q: And you were made aware of the fact that if a civil complaint was ever filed against you, you would be represented by someone from the city, correct?

"A: Not during the time I was a police officer.

"Q: When you say not during the time you were a police officer, what do you mean by that?

"A: I had retired. And then after I retire, then I received notification.

"Q: You received notification of what?

"A: That I would be represented.

"Q: By the City of Philadelphia?

"A: That's correct.

"Q: Okay. Did you have a problem with that?

"A: Excuse me, sir?

"Q: Did you have a problem with the City of Philadelphia representing you?

"A: No sir.

"Q: When did you receive that notification?

"A: I can't recall the time frame." See plaintiffs' memorandum of law in opposition to defendant's post-trial motion, ex. A, pp.22-23.

Defendant further testified:

"Q: I've already identified that the complaint in this matter was filed December 2007. Correct, you know about that, correct, Mr. Jones?

"A: Yes.

"Q: And you came down to this office some time shortly after that correct?

"A: Yes.

"Q: And in fact sir, when you came to the office, you met with Ms. Fenerty, correct?

"A: That's correct.

"Q: At the City of Philadelphia Law Department, 14th floor, when you left out of there, you were under the impression that you were being represented, correct . . . no . . . you can't look at your attorney. Just tell the truth.

"Mr. Puricelli: If you know.

"Mr. Williams: Just tell the truth.

"A: Yes, sir.

"Q: Thank you." See plaintiffs' memorandum of law in opposition to defendant's post-trial motion, ex. A, pp. 34, 44-45.

Based on defendant's testimony, which establishes that the city represented him and that he acquiesced in said representation, the city had the authority to accept service on his behalf.[3]

Defendant additionally waived his objections to service through Ms. Fenerty's actions on the merits of the case. When a party takes actions on the merits of the case, he waives his right to raise jurisdictional questions. *O'Barto v. Glossers Stores Inc.,* 228 Pa. Super. 201, 205, 324 A.2d 474, 476 (1974). A waiver will be found when a court determines that a party has performed an act that unconditionally accepts the jurisdiction of the court. *Id.* (quoting *Hohlstein v. Hohlstein,* 223 Pa. Super. 348, 296 A.2d 886 (1972)).

While an entry of appearance alone does not amount to a waiver, it may constitute a waiver when supplemented by other actions on the merits. *Id.* at 205, 324 A.2d at 475-76. In *O'Barto,* the original defendant served a writ of summons to join an additional defendant, and the court found that the service was improper. *Id.* at 204,

---

3. At the February 16, 2010 oral argument on post-trial motions, Ms. Fenerty stated that she did not meet with defendant until September 2008, at which time she informed him that the city would not represent him. However, defendant did not submit any such argument to this court in writing, nor did Ms. Fenerty, who was present at defendant's August 28, 2009 deposition, ask defendant follow-up questions at the deposition to clarify when they met.

324 A.2d at 474. However, the court held that the additional defendant waived its objection to defective service because it entered an appearance, answered the complaint on the merits, served interrogatories on the plaintiff, and attempted to join an additional defendant. *Id.* at 205, 324 A.2d at 475-76.

Here, plaintiffs served defendant, albeit improperly, on December 19, 2007. Ms. Fenerty subsequently filed an answer on February 19, 2008, attended a case management conference on March 10, 2008, entered her appearance on March 17, 2008, served interrogatories on plaintiffs, and defended a motion to compel defendant's deposition on September 16, 2008. Further, while Ms. Fenerty sent defendant a declination of representation letter on September 8, 2008, she did not move to withdraw her appearance until November 21, 2008.

The *O'Barto* court stated that the "appellee's actions, subsequent to the filing of appellant's complaint, clearly demonstrates active participation in the litigation of the lawsuit on the merits. Thus, the appellee has taken that 'further action to the merits' which evidenced an intent to forego any objection to the defective service." *Id.* at 205, 324 A.2d at 476.

Likewise, here Ms. Fenerty took sufficient actions on the merits of the case for this court to find a waiver of jurisdictional questions. Indeed, preliminary objections were not filed until November 28, 2008, eleven months after the filing of the complaint.

Because defendant acquiesced in the city's representation and waived jurisdictional objections, this court properly exercised personal jurisdiction over him.

*(2) Did the Court Err in Reconsidering an Order
Sustaining Defendant's Preliminary Objection
To Service and Allowing Plaintiffs To File a
Second Amended Complaint, and in Dismissing
the Preliminary Objections to the Second
Amended Complaint as Moot?*

Defendant raises issues regarding two pretrial orders that were entered by Judge Manfredi and Judge McInerney prior to this case arriving before this court. As these two issues were not ruled upon by this trial judge, and said rulings were made without participation of the trial judge, if the issues were addressed we would only be either restating the letter of the orders or just be guessing. Therefore we shall not attempt to address these issues.[4]

*(3) Did the Court Err in Denying Defendant's
Motion for a Mistrial After Plaintiffs' Counsel
Referenced the Rodney King Case in His Closing
Argument Where the Court Stopped the Argument,
Gave a Detailed Curative Instruction to the Jury,
and Did Not Allow Plaintiffs' Counsel To Proceed
Until the Court Was Satisfied that Each Juror's
Impartiality Was Unaffected?*

It is unfortunate that effective review of this issue cannot be had, since the notes of testimony have not been

---

4. We notified the issuing judges of the instant appeal in a May 18, 2010 memorandum, delivered to their chambers on the same date together with copies of the 1925(b) statement and appeal docket sheet, and gave them an opportunity to discuss the issues either by participating in this opinion or by writing separately. As we received no notification that either judge intended to join in this opinion, it does not specifically address the pertinent issues.

ordered. However, a brief statement of our recollection of what occurred at trial follows.

Plaintiffs' counsel, during closing argument, stated that photographs in the instant case reminded him of the Rodney King case. Defendant moved for a mistrial, at which point this court stopped plaintiffs' closing argument, asked the jurors whether they were capable of disregarding the comment as if it were never made, and inquired as to whether they would be able to weigh the evidence in a fair and impartial manner. Only upon each juror indicating that they could and the court finding their answers credible did the court deny the motion and give a further curative instruction.

"A mistrial is only appropriate where the occurrence is so inflammatory and prejudicial so as to preclude a fair trial and to have undoubtedly influenced the jury, distracting the minds of the jurors from the pivotal issue and influencing their verdict." *Harsh v. Petroll,* 840 A.2d 404, 432 (Pa. Commw. 2003). It is the trial judge who is best situated to determine the necessity of a mistrial. *Commonwealth v. Gains,* 383 Pa. Super. 208, 220, 556 A.2d 870, 876 (1989).

Further, "[i]n evaluating whether a request for a mistrial is manifestly unreasonable, the record must be reviewed to fully appreciate the testimony in the context in which it was made and any subsequent remedial actions designed to remove any prejudicial effects." *Harsh* at 432.

Absent the transcript, our explanation and review is impeded. However, the comments made by plaintiffs' counsel were not so inflammatory and prejudicial as to

have influenced the jury and necessitated a mistrial. On the contrary, each juror individually affirmed that he or she was capable of disregarding the comment and remaining impartial in weighing the evidence. These affirmations, considered together with the curative instruction given by the court, establish that a mistrial was not warranted and that the denial of defendant's motion was proper.

### (4) *Did the Court Err in (a) Granting Delay Damages to Plaintiffs; Dismissing Defendant's Objections to Plaintiffs' Bill of Costs Where Said Objections Were Filed in Violation of Philadelphia Local Rule 227.5(E); and (c)Denying Defendant's Motion for Sanctions Where Plaintiffs Did Not Exhibit Dilatory, Obdurate, or Vexatious Conduct?*

### (a) Delay Damages

Plaintiffs requested delay damages pursuant to Pa.R.C.P. 238. Having found plaintiffs' request to comply with the statute, this court granted the motion on March 5, 2010.[5]

Defendant opposed the motion and argued that Rule 238 is unconstitutional, that the court lacked personal jurisdiction due to improper service, and that plaintiffs failed to engage in good faith settlement negotiations as required by the Rule. These arguments are without merit.

---

5. Plaintiffs first moved for delay damages in the amount of $55,595, a figure that was apparently reached by incorrect math calculations. Plaintiffs then filed a second motion for delay damages in the amount of $14,895, which this court granted.

It is of particular moment that Rule 238(a)(2) specifically provides that delay damages are calculated from the date one year after the date original process is *first served in the action*. Pa.R.C.P. 238(a)(2). (emphasis supplied)

Based on this provision, if delay damages are ultimately awarded in a case involving codefendants, damages will be assessed against each defendant from the date that original process was first served. See notes to Pa.R.C.P. 238.

In the instant case, codefendants William Smith and Steven Mitchell were served with original process on December 19, 2007. Because this is the date that original process was first served in the action, it becomes the date from which delay damages begin to accrue.

Therefore, even if it is determined that defendant was not properly served on December 19, 2007, delay damages would still be assessed against him from that date because service on codefendants William Smith and Steven Mitchell was perfected at that time. See notes to Pa.R.C.P. 238.

Upon determination that plaintiffs' request was made in accordance with Rule 238, this court granted the motion and awarded delay damages.

(b) Defendant's Exceptions to Plaintiffs' Bill of Costs

Plaintiffs filed a bill of costs on November 6, 2009, to which defendant filed exceptions.

Philadelphia Local Rule 227.5 permits a prevailing party to file a bill of costs, itemizing the costs claimed

to be due, with the prothonotary within 10 days after final judgment. Phila. Cty. LR 227.5 (2009).

Rule 227.5(E) states that "[n]o later than 20 days after final judgment, exceptions (identifying those costs to which objection is made with the reason therefor) shall be filed with the prothonotary and a copy served on other parties."

Rather than following the procedure mandated by Rule 227.5(e), defendant filed his exceptions with the clerk of civil court. Having failed to file his exceptions with the prothonotary as required by Rule 227.5(E), defendant's exceptions were dismissed.[6]

## (c) Sanctions

Plaintiffs filed a post-trial motion on November 9, 2009 to enjoin defendant from dissipating his assets. Pursuant to Rule 3118, the court in which a judgment has been entered may enter supplementary relief in aid of execution, including enjoining a defendant from disposing of his assets. Pa.R.C.P. 3118(a)(1)-(5).

Defendant, in his response to plaintiffs' motion, argued that the motion was not ripe for disposition because plaintiffs lacked a judgment that would entitle them to seek relief under Rule 3118. Defendant additionally sought sanctions for having to respond to plaintiffs' motion, which he alleged was frivolous. Specifically, defendant requested $1,800 at $450 per hour for the four hours expended responding to plaintiffs' motion.

---

6. Defendant incorrectly states in paragraph (D) of his 1925(b) statement that his objections to plaintiffs' bill of costs were not ruled upon. For the aforementioned reasons, his exceptions were dismissed by an order entered on March 5, 2010.

By an order entered on November 24, 2009, this court denied plaintiffs' motion due to the lack of an existing judgment and also denied defendant's request for sanctions.

Counsel fees may be awarded when a party's conduct is dilatory, obdurate, or vexatious. 42 Pa.C.S. §2503(7). The rule is meant to sanction those who "knowingly raise, in bad faith, frivolous claims which have no reasonable possibility of success, for the purpose of harassing, obstructing or delaying the opposing party." *In re Estate of Liscio,* 432 Pa. Super. 440, 446, 638 A.2d 1019, 1022 (1994) (citing *Dooley v. Rubin,* 422 Pa. Super. 57, 64, 618 A.2d 1014, 1018 (1993)).

Defendant maintained that plaintiffs knew that they did not have a judgment at the time they filed their motion, and that they therefore "knew or should have known" that the particular relief could not be sought. See defendant's answer to plaintiffs' motion, p. 3. Defendant, who cited *Liscio* in his response, did not argue that plaintiffs' conduct was intended for harassment, obstruction, or delay, and in fact made no reference to this part of the standard whatsoever.

While plaintiffs may have known that they lacked a judgment at the time they filed their motion, they did not knowingly raise, in bad faith, a frivolous claim that was worthy of sanctioning. Defendant's request for sanctions was therefore denied.

## CONCLUSION:

For all of the foregoing reasons, this court's order denying defendant's post-trial motions was properly entered.