**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PATRICIA LUKASZONAS AND CHARLES ARNOLD | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PETER KARLTON TAYLOR AND PATRICIA MARSHALL HARRIS | : | No. 161 EDA 2017 |
| | : | |
| APPEAL OF: PATRICIA MARSHALL HARRIS A/K/A VERNITA PATRICIA MARSHALL HARRIS | : | |

Appeal from the Order December 19, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 01495

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT:                **FILED AUGUST 22, 2018**

Patricia Marshall Harris, also known as Vernita Patricia Marshall Harris, appeals from order dated December 19, 2016, denying her petition to open and/or to strike the default judgment entered August 15, 2016, against her and in favor of Patricia Lukaszonas and Charles Arnold ("Appellees").[1]  Harris contends that the judgment should be stricken, because the trial court lacked

_____

* Former Justice specially assigned to the Superior Court.

[1]  Co-defendant Peter Karlton Taylor, also known as Pete C. Davis and Peter Dwayne Davis, is not participating in this appeal.  **See** Notice of Appeal, 1/5/2017; Trial Court Opinion, 8/1/2017, at 1 & 2 n.3.

Appellees chose not to file a brief to this Court but instead to rely upon the opinion of the trial court.  **See** Letter from Drew Salaman, Esq., to Prothonotary, Superior Court of Pennsylvania (May 7, 2018).

subject matter and personal jurisdiction over her. She also argues that the judgment should have been opened because she sought relief in a timely manner, has a meritorious defense, and has a reasonable excuse for failing to file a responsive pleading. We affirm the order of the trial court.

In its opinion, the trial court set forth the relevant facts and procedural history of this case:

> On October 30, 2012, [Appellees] filed a complaint against defendant Peter Karlton Taylor . . . , alleging intentional assault, false imprisonment and intentional infliction of emotional distress.[2] On April 22, 2014, a non-jury verdict was awarded to [Appellees] in the total amount of $56,000.
>
> On April 26, 2013, while the underlying lawsuit was pending, [] Taylor allegedly conveyed [real] property . . . to [] Harris for one dollar.
>
> On November 10, 2015, [Appellees] instituted this fraudulent conveyance action by praecipe to issue a writ of summons against both [] Taylor and [] Harris. [Appellees] never filed an affidavit showing service of the writ of summons on [] Harris.

Trial Court Opinion, 8/1/2017, at 1-2 (footnotes and citation to the record omitted).

On December 5, 2015, pursuant to Pa.R.C.P. 1027(a), Harris filed a praecipe requesting that the Prothonotary issue a rule upon Appellees to file a complaint; the Prothonotary issued said rule on December 10, 2015, requiring the complaint to be filed within 20 days and warning that a judgment of *non pros* may be entered against them for failure to comply. After Appellees

---

[2] ***Lukaszonas v. Taylor***, Philadelphia Court of Common Pleas Civil Division Case No. 121003943.

- 2 -

did not file a complaint, on May 3, 2016, Harris again filed a praecipe requesting that the Prothonotary issue a rule upon Appellees to file a complaint; that same day, the Prothonotary issued another rule, again ordering Appellees to file a complaint within 20 days and warning that a judgment of *non pros* may be entered against them for failure to comply.

On June 8, 2016, Appellees filed their complaint alleging fraudulent conveyance, which contained a notice to plead. According to the accompanying certificate of service, a copy of the complaint was sent to Harris *via* regular mail at her home address on the same day it was filed. Harris never filed preliminary objections to the complaint or any responsive pleading.

On June 9, 2016, a case management conference occurred. Order, 6/9/2016.

> On August 15, 2016, [Appellees] entered judgment against [] Taylor and [] Harris by praecipe to enter a default [judgment]. The attorney for [Appellees] attached a certificate of service to the praecipe confirming that both [] Harris and [] Taylor as well as their lawyer were served [with notice of Appellees' intent to enter default judgment] via regular mail on August 1, 2016. On November 9, 2016, [Appellees] filed a praecipe to issue writ of execution.
>
> On November 10, 2016, [] Harris alone filed a petition to open and/or strike judgment. On November 17, 2016, [] Harris then filed a motion to stay writ of execution. On November 17, 2016, [the trial c]ourt entered an order granting [] Harris's motion to stay until the disposition of her petition to strike and/or open, and scheduled both motions for a hearing.
>
> Th[e trial c]ourt heard both the petition to open and/strike and the motion to stay writ of execution on December 19, 2016, after which th[e c]ourt denied both motions.

- 3 -

Trial Court Opinion, 8/1/2017, at 2-3 (citation to the record omitted).  This

appeal followed.[3]

Harris now raises the following issue on appeal:

Did the [trial c]ourt err and abuse its discretion in denying [Harris's] petition to open/strike a default judgment?

Harris's Brief at 5.[4]

Throughout her brief, Harris uses "petition to open" and "petition to

strike" interchangeably; however --

A petition to strike a judgment and a petition to open a judgment are separate and distinct remedies and not interchangeable.  A petition to open a judgment seeks to re-open a case following a default judgment in order to assert a meritorious defense; a motion to strike a judgment is the remedy sought by one who complains of fatal irregularities appearing on the face of the record. . . .

_____

[3]  The trial court did not order Harris to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[4]  Despite only listing one issue in her statement of questions involved pursuant to Pa.R.A.P. 2116, Harris divides the "Argument" section of her brief to this Court into six subsections, each with a separate heading, hence violating Pa.R.A.P. 2119(a), which mandates that "argument shall be divided into as many parts as there are questions to be argued."

The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review as guaranteed by Article V, Section 9 of our Commonwealth's Constitution may be properly exercised.

*Commonwealth v. Briggs*, 12 A.3d 291, 343 (Pa. 2011).

***U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency v. Watters***, 163 A.3d 1019, 1027–1028 (Pa. Super. 2017) (internal citations and quotation marks omitted), *appeal denied*, 170 A.3d 973 (Pa. 2017).

Harris first contends that "[t]he trial [c]ourt erred and abused its discretion in denying [her] petition to open/strike a default judgment[,]" because the "court lacked subject matter jurisdiction[,]" due to Appellees' alleged violation of the Fair Debt Collection Practices Act ("FDCPA"),[5] and "lacked personal jurisdiction over" her, due to Appellees' failure to "serve her with the original process in this case[.]"  Harris's Brief at 10, 13-15.  These arguments assert "fatal irregularities appearing on the face of the record" and, if convincing, would thus support a petition to strike.  ***U.S. Bank Nat'l Ass'n***, 163 A.3d at 1027-1028.

"A petition to strike a default judgment presents us with a question of law; consequently, our standard of review is *de novo* and our scope of review is plenary."  ***Id.*** at 1028 n.9.

With respect to Harris's challenge to the trial court's subject matter jurisdiction, after a thorough review of the record, Harris's brief, and the applicable law, we conclude that Harris's first claim on appeal merits no relief. The trial court opinion comprehensively discusses and properly disposes of that issue:

> The FDCPA is inapplicable to this case.  Under the FDCPA, neither
> [] Lukaszonas nor [] Arthur is a "debt collector," which is defined

---

[5]  15 U.S.C.A. §§ 1692-1692p.

as "any person who uses any instrumentality in interstate commerce or the mails in any business the principal purposes of which is the collection of any debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6)(emphasis added).[4] The FDCPA is aimed entirely at debt collectors, not creditors, with its stated purpose "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). All the substantive provisions of the FDCPA limit the actions of debt collectors, not the actions of a creditor who actually holds the debt. 15 U.S.C. § 1692(b), *et seq.*

> [4] The exceptions outlined in § 1692(a)(6)(A)-(F) also are inapplicable to [Appellees].

[Appellees] hold a judgment against [] Harris; they are not debt collectors under the FDCPA. [Appellees] therefore did not violate the notification requirements of the FDCPA, and [] Harris did not show a fatal defect on the face of this record.

Trial Court Opinion, 8/1/2017, at 4-5.

Next, Harris challenges the trial court's personal jurisdiction over her. Harris's Brief at 15-16.

The requirement of personal jurisdiction flows from the Due Process Clause and restricts judicial power as a matter of individual right. A party may insist that the right be observed or he may waive it. Personal jurisdiction, like other individual rights, is often the subject of procedural rules. Frequently, when the rules that govern personal jurisdiction are not followed, the right is lost. Thus, the failure to file a timely objection to personal jurisdiction constitutes . . . a waiver of the objection.

*Wagner v. Wagner*, 768 A.2d 1112, 1119 (Pa. 2001) (citations omitted).

Here, there is no dispute that Harris was never properly served by Appellees with the writ of summons. *See* Trial Court Opinion, 8/1/2017, at 2-3. As the writ of summons was never served upon Harris, when Appellees mailed the complaint to Harris, no service of original process had occurred

pursuant to Pa.R.C.P. 402.[6] Had Harris previously been properly served with the writ of summons, mailing the complaint[7] to her home address would have been sufficient. ***See*** Pa.R.C.P. 440(a)(2)(i) ("[i]f there is no attorney of record, service shall be made by handing a copy to the party or by mailing a copy to or leaving a copy for the party at the address endorsed on an appearance or prior pleading or the residence or place of business of the party"). Nonetheless, without proper service of the writ of summons, the

---

[6] (a) Original process may be served

> (1) by handing a copy to the defendant; or
>
> (2) by handing a copy
>
>> (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or
>>
>> (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or
>>
>> (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

(b) In lieu of service under this rule, the defendant or his authorized agent may accept service of original process by filing a separate document which shall be substantially in the following form: [text omitted].

[7] Appellees did not file a complaint after the first rule issued by the Prothonotary; although Appellees filed a complaint after the second rule issued by the Prothonotary, they did not do so within the timeframe allotted by the rule. However, as Harris never filed a praecipe for judgment of *non pros* pursuant to Pa.R.C.P. 1037(a), we will consider the complaint properly filed.

complaint should have been served pursuant to the requirements of original process; in fact, a complaint may be a form of alternative original process. *See* Pa.R.C.P. 401(b)(5) ("[i]f an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process"). Accordingly, the complaint was not properly served upon Harris, and no service of original process ever occurred.

"The rules relating to service of process must be strictly followed," because "jurisdiction of the court over the person of the defendant is dependent upon proper service having been made." *N. Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 30 (Pa. Super. 2015), *quoting Sharp v. Valley Forge Med. Ctr. & Heart Hosp., Inc.*, 221 A.2d 185, 187 (Pa. 1966). Without proper service of process, a court does not have personal jurisdiction over defendant.

Yet, unlike subject matter jurisdiction, a defendant may consent to personal jurisdiction or may waive any objections thereto by taking action on the merits of the case. *Frontier Leasing Corp. v. Shah*, 931 A.2d 676, 680 (Pa. Super. 2007) ("[p]ersonal jurisdiction can be established by consent"); *McCullough v. Clark*, 784 A.2d 156, 157 (Pa. Super. 2001) ("party may expressly or impliedly consent to a court's personal jurisdiction"); *Ball v. Barber*, 621 A.2d 156, 158 (Pa. Super. 1993) ("Once a party takes action **on the merits of a case**, he waives his right to object to defective service of process." (emphasis added)).

For this reason, the trial court concluded that:

From the time [] Harris filed her first rule to file a complaint in December 2015 until the filing of the petition to open or strike the judgment in November 2016, she took no steps to challenge service. . . . Through her active participation, [] Harris has unconditionally accepted the jurisdiction of the court for in this matter and thus, has waived her objection to defective service[.]

Trial Court Opinion, 8/1/2017, at 5-6.

The **only** method available to challenge personal jurisdiction is a preliminary objection. *Monaco v. Montgomery Cab Co.*, 208 A.2d 252, 255 (Pa. 1965); *Scoggins v. Scoggins*, 555 A.2d 1314, 1317 (Pa. Super. 1989); *Bergere v. Bergere*, 527 A.2d 171, 173 (Pa. Super. 1987). A preliminary objection can only be filed in response to a pleading. *Monaco*, 208 A.2d at 255, *citing* Pa.R.C.P. 1017. Unlike a complaint, a writ of summons is not a pleading, and a preliminary objection thereby cannot be filed in response to a writ of summons. *Monaco*, 208 A.2d at 255; Pa.R.C.P. 1017, cmt. (1991) (although Pa.R.C.P. 1028(a)(1) "provides for a preliminary objection to the form and service of a writ of summons[,]" "the preliminary objection may not be filed to the writ of summons if no complaint has been filed"; a "writ is not a pleading and any objection to it must await the filing of the complaint"). "This is true even though certain 'jurisdictional' objections may become apparent immediately after service of a writ of summons and before the complaint is filed." *Monaco*, 208 A.2d at 255. Consequently, Harris had no means of challenging personal jurisdiction until after a complaint had been filed. *See id.*; Pa.R.C.P. 1017, cmt. (1991).

In ***Keller v. LaBarre***, 311 A.2d 683, 683 (Pa. Super. 1973), this Court considered a similar case where the "[d]efendant ruled the plaintiff to file his complaint[.]" This Court held that the "defendant did not, by causing the complaint to be filed, waive his right to contest the court's jurisdiction over his person[.]" ***Id.*** at 685; ***accord Fox v. Thompson***, 546 A.2d 1146, 147 (Pa. Super. 1988) ("appellee's challenge to the validity of service of the writ of summons and the complaint have not been waived by the filing of the rule to file a complaint and appellee's counsel's subsequent acceptance of the complaint"). Thus, the trial court should not have considered Harris's ruling appellees to file a complaint as "active participation," but "the failure to file a timely objection to personal jurisdiction constitutes . . . a waiver of the objection." ***Wagner***, 768 A.2d at 1119. "Because preliminary objections are responsive pleadings, they must be filed within twenty days of the preceding pleading, or the objection is deemed to be waived." ***O'Barto v. Glossers Stores, Inc.***, 324 A.2d 474, 476 (Pa. Super. 1974) (footnote omitted); ***see also*** Pa.R.C.P. 1026(a). Harris never filed a preliminary objection to personal jurisdiction.[8]

---

[8] The complaint was filed on June 8, 2016; it was mailed to Harris on the same day. Twenty days later was June 28, 2016. Appellees sent the notice of their intent to file a default judgment on August 1, 2016, and filed their praecipe for default judgment on August 15, 2016. Consequently, Harris had more than the requisite 20 days to file preliminary objections before Appellees took their first step in filing default judgment against her.

- 10 -

The trial court also considered Harris's participation in a case management conference as proof of her active participation in this action and thereby a waiver of any challenge to personal jurisdiction. Trial Court Opinion, 8/1/2017, at 6. Not only did the case management/scheduling conference occur only one day after the complaint was finally filed, *id.*, we find no case law[9] supporting the proposition that the act of attending a scheduling conference is sufficient to qualify as active participation and therefore a waiver of any objection to defective service. In the cases where the appellate courts have agreed that a party has waived any objection due to active participation or "further action on the merits," the party had engaged in more aspects of the litigation:

> Exemplary of such "further action on the merits" are cases like ***O'Barto v. Glossers Stores, Inc.***, 228 Pa.Super. 201, 324 A.2d 474 (1974). In that case this court had little difficulty finding a waiver of a jurisdictional objection when the third party defendant served interrogatories on the original plaintiff, filed an answer to the third party complaint, and sought to join another defendant before questioning the propriety of service. Similarly the courts have found waiver when there has been a demurrer prior to raising the jurisdictional objection as in ***Yentzer v. Taylor Wine Co.***, 409 Pa. 338, 186 A.2d 396 (1962), or, when the defendant takes the case to a master before challenging the court's power to adjudicate his rights vis a vis the plaintiff. ***Hohlstein v. Hohlstein***, 223 Pa.Super. 348, 296 A.2d 886 (1972).

***Hoeke v. Mercy Hosp. of Pittsburgh***, 386 A.2d 71, 74–75 (Pa. Super. 1978) (Cercone, J., with one judge concurring and four judges concurring in the result). We disagree with the trial court that Harris's level of participation in

---

[9] As noted above, Appellees did not file a brief with this Court.

this action has risen to "active participation" where she has waived any challenge to personal jurisdiction for that reason.

Accordingly, any objection by Harris to personal jurisdiction is not waived due to her previous action on the merits but, instead, due to her failure to file a timely preliminary objection once the complaint was filed.[10]  We thus affirm the trial court's order denying Harris's petition to strike the default judgment against her for lack of personal jurisdiction, albeit on a different basis.  **See Preferred Contractors Ins. Co., RRG, LLC v. Sherman**, 2018 PA Super 215 n.3 ("we are not bound by the rationale of the trial court and may affirm on any basis" (internal brackets and citation omitted)).

Harris's remaining arguments are that she "sought relief in a timely manner[,]" has "a meritorious defense[,]" and has "a reasonable excuse for failure to file a responsive pleading."  Harris's Brief at 16-18.  These are the factors that must be established in order to open a default judgment:

> The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.
>
> In general, a default judgment may be opened when the moving party establishes three requirements:  (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading.  If a petition to open a default judgment fails

---

[10]  Although a party's failure to file preliminary objections may occasionally be excused, **McCullough**, 784 A.2d at 158, Harris offers no excuse for her inaction beyond the fact that she was improperly served with original process. Harris's Brief at 18.

to fulfill any one prong of this test, then the petition must be denied.

***U.S. Bank Nat'l Ass'n***, 163 A.3d at 1028 (internal citations and quotation marks omitted; some formatting).

Harris argues she "has attacked this default judgment on the grounds that it is void *ab initio*. A void *ab initio* judgment may be attacked at any time during the proceedings[.]" Harris's Brief at 16 (citation omitted).

This Court has observed:

The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timeliness. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay. . . . In cases where the appellate courts have found a "prompt" and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month. ***See Duckson v. Wee Wheelers, Inc.***, 423 Pa.Super. 251, 620 A.2d 1206 (1993) (one day is timely); ***Alba v. Urology Associates of Kingston***, 409 Pa.Super. 406, 598 A.2d 57 (1991) (fourteen days is timely); ***Fink v. General Accident Ins. Co.***, 406 Pa.Super. 294, 594 A.2d 345 (1991) (period of five days is timely).

***U.S. Bank Nat'l Ass'n***, 163 A.3d at 1028-1029 (additional citation omitted).

Here, the notice of Appellees' intent to file a default judgment was sent to Harris on August 1, 2016, and the praecipe to file default judgment was entered on August 15, 2016. Harris did not file her petition to open judgment until November 1, 2016, more than the normally acceptable one month period of delay. The trial court correctly determined her petition to open judgment was not promptly filed. ***See id.*** Since her petition to open fails on one prong

of the test to open judgment, the entire petition fails, and we need not address the other two prongs.[11] **See id.** As Harris failed to satisfy all of the requirements of a petition to open, the trial court did not err in denying her petition.

For the foregoing reasons, the trial court's denial of Harris's petition to open or to strike the default judgment was proper.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/18

---

[11] Assuming we were to consider whether Harris had "a reasonable excuse or explanation for [her] failure to file a responsive pleading[,]" **U.S. Bank Nat'l Ass'n**, 163 A.3d at 1028, we would note that Harris's only excuse was that she was not served with original process. At no point does she insist that she was unaware of or unable to respond to the notice or entry of default judgment. Harris's Mem. of Law in Supp. of Her Pet. to Open & Strike Default J. – Void *Ab Initio*, 11/10/2016, at 13 ¶ 43; Harris's Brief at 18.